TERRITORY OF ARIZONA, RESPONDENT, *v.* A. A. MIX, APPELLANT.

ADMINISTRATOR IS BY LAW PRESUMED TO HAVE DONE HIS DUTY, until the contrary is shown.

PRESUMPTION IN FAVOR OF REGULARITY OF ORDER OF COURT does not arise in a case where the order is made in a matter over which the court has no jurisdiction.

DISTRICT COURTS HAVE NO POWER TO APPOINT ADMINISTRATORS of estates of deceased persons. In probate matters their jurisdiction is purely appellate. The power to appoint administrators belongs exclusively to the probate courts.

APPEAL from the second judicial district. The facts are stated in the opinion.

*Clarence Gray,* for the appellant.

Every court has, while engaged in the performance of its lawful functions, as an incident to its judicial character, the authority to preserve order and decency in its presence, and may apprehend and punish an offender, when the offense is committed in its presence, without further examination or proof; but when the offense is committed out of court, the party is entitled to a hearing in his defense. *People ex rel. Field* v. *Turner,* 1 Cal. 152.

An order of court adjudging a party guilty of contempt should always show upon its face the facts upon which the exercise of the power is based and the adjudication is made. *People ex rel. Field* v. *Turner,* 1 Cal. 152.

When the district court dismissed the appeal in the case of *Kelly* v. *Mix,* it lost jurisdiction of the parties as regarded their connection with the administration of the estate of M. D. Dobbins, deceased. The matter of their removal from office, or of either of them, belonged exclusively to the probate court. *Deck's Estate* v. *Gherke,* 6 Cal. 666; *Lucich* v. *Medin,* 3 Nev. 93.

The word "chambers," as defined by the law, is a room or apartment belonging to the court or the judges, for the dispatch of summary business. Bouv. Dict., vol. 1, p. 134.

When the contempt is not committed in the immediate view or presence of the court or judge at chambers, an affidavit of the facts constituting the contempt shall be presented to the court or judge. Howell's Code, sec. 483.

The defendant has the right to answer the charges of contempt if any were made against him. Howell's Code, sec. 490.

The judgments of courts do not extend to depriving the accused of any office that he may hold or be entitled to, as a punishment for contempt. Howell's Code, secs. 490, 495.

An appeal lies from a judgment or order putting a party in contempt. *Ware* v. *Robinson,* 9 Cal. 107.

*William P. Miller,* for the respondent.

By Court, TITUS, C. J.:

This is an appeal from the final judgment of the district court of the second judicial district of Arizona, upon a special proceeding therein pending.

The transcript of the record filed in this court discloses the following state of facts in the case: On the eighth of October, 1871, A. A. Mix, the appellant, was by the probate court of the county of Yuma appointed special administrator of the estate of M. D. Dobbins, then late of the said county, deceased. Subsequently R. B. Kelly applied to the said probate court for appointment as administrator of the same estate. This application was rejected, and the said R. B. Kelly appealed to the district court aforesaid from the judgment of rejection by the probate court, the said A. A. Mix being made appellee. That appeal, as the records allege, was dismissed, and an order entered by the said district court, appointing both the said R. B. Kelly and the said defendant Mix administrators, to act conjointly in the administration and settlement of the said estate. Such is the statement of the record as shown by the transcript. Subsequently, on the twenty-fifth of December, 1871, the said A. A. Mix was, by the order of the said district court, dismissed from the administration of the said estate for disobeying, as the record alleges, a lawful order of the said court, addressed to him as such administrator, as appears from the record itself.

Upon this state of facts the appeal is made to this court, and the order of the district court dismissing the appellant A. A. Mix from the administration of the estate aforesaid is the error alleged in the procedure of the court below.

This case, like all special proceedings, is an unusual one, and the facts disclosed by the transcript are not so full as to exclude all conjecture; enough, however, appears to show this court that the whole procedure below, from the rejection of Kelly's application for administration by the probate court to the dismissal, as it purports, of Mix by the district court, is one entire integral procedure, and must be so regardd by this court in its disposition of the case.

There is nothing in the record to show that Mix was not doing his whole duty as administrator, at any time from the beginning to the end of this proceeding. The presumption

of law regarding administrators, as well as of other officials, is, that they do their duty until the contrary is shown. The action of the district court strongly aids this presumption, for instead of dismissing Mix on Kelly's appeal, it dismissed the appeal itself, and appointed Mix.

Had the district court stopped there, no possible exception could have been made to its action. The record, however, shows that it went much farther than this, for it appointed both Mix and Kelly co-administrators, and at last dismissed Mix from the administration for disobeying one of its orders.

The character of the order disobeyed is not, however, stated in the transcript, and the presumption of law would hardly be in its favor, against an administrator whose appointment and direction must come from another court, having a primary jurisdiction exclusively its own, which the district court can neither share nor touch nor question.

The opinion of this court is, that everything done by the district court in this case, after the dismissal of Kelly's appeal, was without authority of law, and therefore null and void; that from all that appears from the record before us, A. A. Mix is still the sole administrator of the estate of M. D. Dobbins, deceased, and primarily amenable and accountable to the probate court of Yuma county, and no other.

The order of this court, therefore, is that the district court of the second judicial district of Arizona vacate and rescind of record its several orders appointing R. B. Kelly and dismissing A. A. Mix as the administrators of the estate of M. D. Dobbins, deceased; that A. A. Mix, or whoever is or may be appointed administrator of the said estate by the probate court of Yuma county, be allowed to administer such estate as the law directs, and that the clerk of this court certify this order to the said district court.

TWEED, J., concurred.

REAVIS, J., delivered the following dissenting opinion:

This cause is here on a pretended appeal from the district court for Yuma county. I can not concur in the judgment of the court. There are two reasons why this case should be dismissed: first, it is not a case in which the law al-

lows an appeal; second, if it were such a case, there is no appeal taken in the manner provided by law.   Section 350 of the civil code of the territory provides, that "to render an appeal effectual for any purpose in any case, a written undertaking should be executed on the part of the appellant by at least two sureties, to the effect that the appellant will pay all damage and costs which may be awarded against him on an appeal, not exceeding three hundred dollars, or that sum should be deposited with the clerk by whom the judgment or order was entered, to abide the event of the appeal.   Such undertaking should be filed or such deposit made with the clerk within twenty days after the notice of appeal is filed, or such further time as the court upon application may allow."

No such undertaking has been given or deposit made in this cause, as the law expressly requires, nor is there anything in the record to show that the time for filing such undertaking or making such deposit has been extended by the court.

For these reasons it is very clear that this case is not properly before this court, and should be dismissed.