SYLVESTER CHARTER *vs.* JOSEPH G. LANE.

Hartford Dist., May T., 1892. ANDREWS, C. J., CARPENTER, SEYMOUR, FENN and J. M. HALL, Js.

Where the plaintiff sued for property attached by the defendant as the property of a third party of whom the plaintiff claimed to have purchased it, it was held that *C*, who had the charge of certain property of the plaintiff *as to which no question was made, did not become* thereby so far the agent of the plaintiff that his declarations as to the property in dispute could be used against the plaintiff.

It is never a ground for granting a new trial that the court has not charged as requested, even though the requests are proper, if the charge as actually given is proper and sufficient.

A new trial granted in the present case on the ground that in the charge as given some expressions occurred which were calculated to mislead the jury, and there was reason to fear had done so.

[Argued May 5th—decided June 30th, 1892.]

ACTION to recover for the taking and carrying away of personal property; brought to the Court of Common Pleas of Hartford County, and tried to the jury before *Taintor, J.* Verdict for the plaintiff, and appeal by the defendant for

error in the rulings and charge of the court. The case is fully stated in the opinion.

*J. Hamlin,* for the appellant.

*J. P. Andrews,* with whom was *C. H. Briscoe,* for the appellee.

FENN, J. This is an action in the nature of trespass for taking certain liquors, appealed by the defendant from the Court of Common Pleas for Hartford County. The principal defense was that the goods were the property of one Williams, and, as such, lawfully attached. Upon the trial to the jury the plaintiff claimed to have proved that in 1886 he verbally leased a certain building of which he was owner, to Williams, to be used for a hotel; that Williams occupied the premises until June, 1888, when he sold to the plaintiff his interest therein, including the furniture and a stock of liquors in a room in the cellar of the building, the conveyance being in writing; that at the time of the sale there were certain liquors in the bar-room of the hotel which were not conveyed to the plaintiff or taken possession or control of by him, but which Williams was to be allowed to continue to sell in the bar-room under his license; and that immediately after the sale the plaintiff took possession of the liquors in the cellar, receiving from Williams a key to the room in the cellar where they were kept, which was the only key so far as the plaintiff knew, and also at once took possession of the hotel and its contents, except the bar and the liquors in the bar, retaining such possession continuously thereafter in an open, visible, notorious and exclusive manner. This the defendant denied, and claimed to have proved the contrary. It was admitted that the liquors taken were part of those in the cellar, and embraced in the conveyance. There was evidence tending to show that in the room in the cellar there was a barrel of beer connected with the bar by pipes, so that beer could be drawn from the barrel without entering the room.

Three reasons of appeal were assigned by the defendant. The one which we will first consider relates to the exclusion of evidence. The finding states that "the defendant offered Thomas W. Moore as a witness, who testified that he made the attachment in question in the absence of the plaintiff. The defendant then inquired of him what statement one Casey, who had previously been, and then was, so far as it appeared in evidence, in the employ of Williams in the bar-room, made concerning the ownership of the liquors which were then in the cellar room as aforesaid. The plaintiff objected to such statement until there should be some evidence introduced that Casey was the agent of the plaintiff;" and the court sustained the objection on the ground that there was no such evidence. The finding further states that "the only evidence of his agency was the testimony of the plaintiff that he asked Casey to put out any horse that might come to the hotel during the plaintiff's absence, and he would pay him for what he did."

The ruling of the court was manifestly correct. Casey was indeed in charge of the bar, but it was conceded that the possession was that of Williams, of whom Casey was the agent. The statement of Williams concerning his ownership of the liquors there, if such ownership had been claimed by the plaintiff and in dispute, might, if made in connection with any act done in reference to such liquors, have been admissible under the authority of *Avery* v. *Clemons*, 18 Conn., 306, cited by the defendant. But the principle of that decision, which is that such statements are not received to prove the truth of what is asserted otherwise than as explaining and characterizing the acts which they accompany, being such acts as naturally flow from and attend the ownership of personal property and therefore tend to prove such ownership, declaratory of the true nature and character of such acts, would seem to limit the admissibility of such statements, if they had been made by Williams, the principal, to such property only as he was at the time exercising visible control over. Nor does it by any means follow that the declaration of such an agent as Casey would

be admissible even to that extent. Clearly, the evidence offered could not have been received on the authority of the case cited, or by any legitimate application of the doctrine of *res gestæ*. And since there was no evidence from which the jury could have properly found Casey to have been the agent of the plaintiff in any matter connected with the property in question, the evidence was rightly excluded.

The next reason of appeal which we will consider relates to the refusal of the court to charge the jury as requested by the defendant upon each of his three requests. These requests are somewhat lengthy, and it will, we think, be sufficient, without fully reciting them, to say that while each of them contains much that is correct law, and which the court should, and as it appears did, in effect charge the jury, yet, on the other hand, each also contains exceptionable matter which fully justified the action of the court in declining to charge in the entirety and as requested. Nor is the court ever required to do this if the charge actually given is proper and sufficient. *City of Hartford* v. *Champion*, 58 Conn., 276. In the first request the court, among other things, was asked to state the legal effect of the retention by Williams of the key to the cellar, which so far as the finding discloses there was no legal evidence to support. Also the effect of certain other acts, evidential rather than conclusive in their character. In the second, to state that the plaintiff must stand or fall by the written conveyance, and that, as such conveyance purports to convey the liquors behind the bar, if in point of fact such liquor was excepted, the transaction contained, as matter of law, a secret trust which rendered it void against the defendant's attachment. And in the third there was a very partial recital of purported evidence, concerning which the record is elsewhere silent, followed by a conclusion that the plaintiff's title was void. As we have already said, we do not think the court erred in this respect.

But when we come to the concluding reason of appeal, which relates to the charge as actually made, there is much more difficulty in vindicating the action of the court. The

Charter *v.* Lane.

court, while very properly, as it seems to us, declining to charge as requested by the defendant in reference to the effect of certain matters claimed to have been proved, evidential in their character, went further than such declination, and, so far as appears from the portions of the charge presented by the record as its only reference to such matters, expressly stated to the jury, among other things, that "if that cellar door was locked, so that whoever had charge of the beer could reach the contents of that beer keg only through the beer pump, I think the mere fact of the keg standing there would have no legal bearing on the case;" also that "the mere fact that Casey remained in charge of the bar would not affect the question of change of possession;" also that "the mere fact that Mrs. Williams may have had another key which could unlock the door of the cellar where these liquors were kept, would not affect the possession of Charter or his ownership of the liquors in the cellar;" also "I do not think that the fact that Mr. Williams may have retained some interest in the small quantity of liquor in the bar-room would be sufficient to affect the possession of Mr. Charter of the liquors in the cellar;" also that "if he took possession of all the hotel except the bar-room, I think that would be sufficient possession of the hotel." We are constrained to say that in these and some similar expressions which might be noted in the charge, the court appears to us to have gone too far, and to have practically withdrawn from the consideration of the jury, substituting his own judgment therefor, certain important matters which, although not, as the defendant had claimed, conclusive, might as evidence very seriously "affect the question of change of possession," and in that sense, the one in which the jury were much more likely to understand it than in a more strictly technical one, have a "legal bearing on the case." In *Richmond's Appeal from Probate*, 59 Conn., 245, this court, referring to the charge of the court below that mere physical weakness and other things enumerated were not necessarily inconsistent with testamentary capacity, said:—"This is undoubtedly true, but such facts are admis-

sible in evidence upon the question of capacity, and it was mainly by the proof of their existence that the appellants sought to establish the want of such capacity. The court therefore, in charging as it did, and in entirely failing to make reference in any portion of the charge to the significance of such facts as evidence, would seem rather, in effect, to have withdrawn them from under the eyes of the jury, and from their consideration of them as such evidence, and thereby may, and we fear must, have misled the jury to the injury of the appellants." These remarks apply with even greater force to the case now before us.

For this reason there is error in the judgment complained of, and a new trial must be granted.

In this opinion the other judges concurred.