ANNIE HOUGHTON *vs.* THE CITY OF NEW HAVEN.

Third Judicial District, Bridgeport, April Term, 1907.
BALDWIN, C. J., HAMERSLEY, HALL, PRENTICE and THAYER, Js.

Substantial compliance with proper requests to charge, and a correct statement of the law in other particulars, in so far as it is necessary for the proper guidance of the jury under the issues and claims of the parties, is all that can be required of the trial court.

Having stated correctly the duty resting upon a municipal corporation as to the care of its sidewalks and crosswalks, the trial judge added that the law did not require crosswalks to be constructed or maintained in the same manner as sidewalks intended exclusively for foot travel. *Held* that the latter remark was not only true, but, in connection with the context, was incapable of producing a false impression.

The right of the trial judge to comment, in his discretion, upon the evidence, in his instructions to the jury, is well established in this State; nor is it necessary that such comments should be accompanied with a statement that the jury alone are to weigh the evidence and determine the facts, especially where that power or duty is unmistakably suggested to the jury all through the charge.

Argued April 9th—decided May 1st, 1907.

ACTION to recover damages for personal injuries alleged to have been caused by the negligence of the defendant in maintaining a crosswalk, brought to the Court of Common Pleas in New Haven County and tried to the jury before *Bennett, J.;* verdict and judgment for the defendant, and appeal by the plaintiff. *No error.*

The defect in question is alleged to have been a hole in a crosswalk leading from one corner of a street to an opposite corner. It is alleged that the plaintiff, while a lawful traveler upon the highway, tripped and fell into this hole while she was in the act of crossing the street and just as she had left the sidewalk. The accident occurred on February 25th, 1905. The statutory notice was alleged to have been given to the defendant on April 25th following, and therefore more than thirty days thereafter. Upon the trial to the jury the defendant claimed to have shown that any depression which may have existed in the street was occasioned by formations of snow and ice upon its surface, and not by any improper inequalities therein. Two boys and one man were produced by the plaintiff as witnesses to testify to the existence and character of the alleged hole. All had observed the spot only when it was covered by water and slush, which was the condition of the street at the time of the accident, and no one of them professed to have seen the underlying surface of the ground. There was some want of harmony in their testimony as to the precise location of what they agreed in calling the hole, and their descriptions of the conditions affecting the surface of the street were vague and indefinite. During the charge the court, in commenting upon the plaintiff's claim in this regard, and this testimony, used the following language:—

" Now, gentlemen, when you speak of a hole, you know that there may be all sorts of depressions in the ground which may be called by the witnesses holes. If there were a deep hole, two or three feet deep, upon that crosswalk, and the city had notice of it and left it there, you would say undoubtedly that that was such a defect in the highway that the city ought to be liable, if a person fell into it; whereas, if there was merely an uneven depression, an unevenness in the surface, even a depression which might possibly be called a hole, you might, if you knew exactly what it was, find that it was so shallow or so situated that it was reasonably safe for persons to pass over, and there-

fore that the city was not liable for its remaining there, if it knew that it was there. It is, therefore, of very great consequence in this case that you should know, and should find from the evidence, what that hole was; and you should try and find out from the evidence what the hole in the surface of the highway was, if there was a hole there at all, in order to ascertain whether its remaining there and its being suffered to remain there, made the crossing unreasonably dangerous for public travel." And later on : "You will consider all the evidence that has been given in regard to that hole, and consider whether you have had any witness who testified to you in detail and with clearness of observation in regard to a hole in that crosswalk at this time and place. It would have been, it seems to the court, easy, after this plaintiff fell, to have inspected and to have shown to the jury beyond a question that there was a hole there, and to have described it ; but we have in this case but the testimony of the children, the testimony of the plaintiff, and the testimony of Mr.— the gentleman, the Italian named Turelli, possibly of another witness, in general terms, not describing the hole, so that I, at least, have not derived a clear idea of the depressions that they claim were in the highway itself; and I desire to call your attention particularly to this point, because it is fair and just that the city should only be called into account, should only pay, for its breach of duty."

The plaintiff presented the three following requests to charge, no one of which was specifically charged : "(1) While the burden is on the plaintiff to prove her case by a preponderance of the evidence, still if the jury find that the evidence bearing upon the plaintiff's case preponderates in her favor although but slightly, that would be sufficient to warrant the jury in finding in her favor. (2) Notice of the defect in the street crossing or sidewalk may be reasonably inferred where it is of such a character or has continued for such a length of time as that the officers of the city charged with the supervision of its

street crossings or sidewalks might and probably would have discovered it if they had used ordinary care in the discharge of their duty. Actual notice need not be shown in all cases. Notice may be inferred from the notoriety of the defect, or from its being so visible and apparent and having continued for such a length of time as that in the exercise of reasonable observation and care the proper officers of the city ought to have known of and remedied or removed the defect or obstruction. (3) Until the plaintiff became aware of any claimed defect or dangerous condition in the crosswalk she had a right to assume that the city had performed its duty in keeping the same in a reasonably safe condition for her to travel thereon; and if you find that the plaintiff, not knowing of the existence of a hole in the crosswalk, fell therein and was injured, and that said hole was there long enough for the city to have discovered the same, and that the plaintiff was not negligent in falling therein, then the defendant is liable for such damages as she has suffered therefrom."

In the course of the court's instructions as to the defendant's duty in respect to the care and maintenance of that part of the street where the plaintiff claimed to have been injured, it used the following part of a sentence: " The law does not require that crosswalks, so-called, used by foot passengers in crossing the roadway of the street, shall be constructed or maintained in the same manner that sidewalks intended exclusively for foot travel are constructed and maintained."

The failure of the court to charge as requested, its instructions hereinbefore recited, and its failure to tell the jury that its opinion as to the weight or effect of the evidence was not binding upon them, and that they were the sole judges of the facts as disclosed by the evidence, are assigned as reasons of appeal.

*Walter J. Walsh*, for the appellant (plaintiff).

*Leonard M. Daggett* and *James Kingsley Blake*, for the appellee (defendant).

PRENTICE, J. The court's instructions embodied in its own language the substance of the first two requests to charge. They also contained a careful and correct statement of the law attempted to be covered by the third, in so far as was necessary for the proper guidance of the jury under the issues and upon the claims of the parties. The plaintiff was entitled to nothing more. *State* v. *Rathbun,* 74 Conn. 524, 528, 51 Atl. 540 ; *McGarry* v. *Healey,* 78 Conn. 365, 367, 62 Atl. 671.

The extract from the court's instructions as to the defendant's duty of maintenance is made a ground of appeal, for the reason that the statement embodied in it was inconsistent with the correct proposition that the defendant had resting upon it the duty of using reasonable care to keep both sidewalk and crosswalk alike in a reasonably safe condition, or at least was calculated to mislead the jury into the belief that the duty owed with respect to the crosswalk was something less than the true duty. The court, immediately before using the language criticised, had clearly stated the correct rule of duty. In the language which is now wrested from its context for criticism there is nothing inconsistent with that rule, nothing which is not literally true, and nothing which, considered in connection with its context, was susceptible of producing a false impression. The statements of the court in this connection were not only correct, but such as ought to have been made for a clear understanding on the part of the jury of the defendant's duty in the premises.

The observations of the court with respect to the alleged hole were well within its right of comment upon the evidence, as that right has been repeatedly defined by this court. *Banks* v. *Connecticut Ry. & Ltg. Co.,* 79 Conn. 116, 122, 64 Atl. 14, and cases there cited. The duty resting upon the court to see that evidence might not be misused, was in the present case emphasized by the fact that by reason of the date of the notice recovery could only be had upon proof of a defect in the structure of the highway, and by the fact that the question of the existence of

such a defect was involved in difficulty and uncertainty by reason of the admitted presence of water and slush, and the claimed presence of underlying ice formations creating such irregularities in the crossing as may have existed at the time of the accident.

The complaint made in connection with these comments, that the court, in order to avoid the commission of error, was required to accompany them with a statement that notwithstanding what the court might say or think it was within their province alone to pass upon the evidence and determine what was thereby established, is not well founded. The right of the jury in this regard underlay all that was said to them, and was unmistakably suggested in all the court's instructions. Express statement could scarcely have made the matter more clear. It is inconceivable that the jury, after hearing the charge, could have gone to their deliberations with a false conception of their power or duty.

There is no error.

In this opinion the other judges concurred.