WILLIAM BERMAN *vs.* LAWRENCE KLING.

Third Judicial District, Bridgeport, October Term, 1908.
BALDWIN, C. J., HALL, PRENTICE, THAYER and RORABACK, Js.

A party cannot allege one cause of action and recover upon another. Accordingly, under a complaint for the conversion of personal property, a recovery cannot be had for a loss of the property in consequence of the negligent acts or omissions of the defendant; and therefore a charge which virtually authorizes the jury to render a verdict for the plaintiff upon that theory is misleading and erroneous.

Instructions must be correct, adapted to the issue, and sufficient for the guidance of the jury in the case before them.

Requests to charge which correctly state the law as applicable to the facts before the jury, should be adopted and incorporated, at least in substance, in the charge of the trial judge.

Argued October 30th—decided December 18th, 1908.

ACTION in the nature of conversion, brought to the City Court of New Haven and tried to the jury before *Mathewson, J.;* verdict and judgment for the plaintiff for $20 damages, and appeal by the defendant. *Error and. new trial ordered.*

*Charles S. Hamilton,* for the appellant (defendant).

*Carl A. Mears,* for the appellee (plaintiff).

RORABACK, J. The complaint alleges, in substance, that on or about January 1st, 1908, the defendant had in his possession certain tinner's tools belonging to the plaintiff; that the defendant used said tools and permitted others in his employ to use them without authority from the plaintiff, and thereby converted the same to his own use; that the tools have never been returned to the plaintiff, although he has demanded the same from the defendant.

From the finding it appears that the following facts were substantially conceded: The plaintiff was a tinner who had been in the employ of the defendant about eight months, when he stopped work in consequence of a strike. When the plaintiff left, certain tinning tools belonging to him were locked in his chest in the defendant's shop. Two or three days thereafter the defendant made search for soldering-irons belonging to him which the plaintiff had been using, and, being unable to find them, the defendant opened the plaintiff's tool-chest by unscrewing the hinges and took therefrom the missing irons. A few days after the plaintiff stopped work he called at the shop of the defendant and found his chest open and some of his tools missing. These tools and chest had been in the possession of the defendant from the time the plaintiff stopped work on December 1st, 1907, until the strike was ended about two months later.

The plaintiff claimed that he had shown that his tools had never been returned to him, although demanded from the defendant.

The defendant claimed to have proven that he had not touched, taken or used, or given any person permission to take or use the tools in question; that he simply opened the plaintiff's tool-chest for the purpose of recovering his own soldering-irons which the plaintiff had stored therein.

The alleged conversion of the plaintiff's tools by the defendant was the controlling issue presented by the pleadings and the claims of the parties.

The court charged the jury as follows: "If the defendant had not touched this chest, then his responsibility regarding the tools and chest would have been very slight, if any. But according to the evidence of the plaintiff and defendant, the chest was broken into by the defendant, and according to a part of the evidence, as to which you will recall, the chest was left unlocked, that is, broken open and not being secured by the defendant after he had broken it open. His responsibility was increased in that case, and if you find

in that case that on account of his opening the box the tools were lost or used by the defendant, then the responsibility. of the defendant was by that fact increased, and he may, on account of his breaking open the chest and leaving it in this condition, become liable for the tools, provided you find it was on account of his negligence. As I say, the defendant had the right, if his tools were locked up in this chest, to open it with the least possible damage, but by doing so he assumed a responsibility which had not attached to him up to that time, and then further, if you find that he left the chest as secure after he had broken it open as it was before, then his responsibility would not be any greater than it was before that, and he would be liable only for slight care in case the tools or chest became lost."

In this there was error. The complaint alleged a taking and conversion of the plaintiff's tools by the defendant: the instructions directed the attention of the jury to other and different elements of liability. The instructions did not confine the attention of the jury to the case stated in the pleadings, but the jury were given to understand that they might find against the defendant upon a cause of action foreign to the issue. This charge assumes that the plaintiff's cause of action was based upon negligence in breaking and leaving open the plaintiff's chest containing his tools. This assumption was wrong, as there was no such issue presented by the pleadings. As heretofore stated, the whole case exhibited in the complaint rested upon an alleged conversion of the plaintiff's personal property.

Pleadings are essential in every system of jurisprudence, and there can be no orderly administration of justice without them; but if a party can allege one cause of action and then recover upon another, his complaint will serve no useful purpose, it will rather serve to ensnare and mislead his adversary. *Southwick* v. *First National Bank of Memphis*, 84 N. Y. 420, 429. A judgment based upon facts found by the trial court but not involved in the issue raised by the

pleadings, is erroneous and cannot be upheld.  *Greenthal* v. *Lincoln, Seyms & Co.*, 67 Conn. 372, 377, 378, 35 Atl. 266. A party cannot allege one cause of action and recover judgment upon another.  *Moran* v. *Bentley*, 69 Conn. 392, 403, 37 Atl. 1092.  Under our Practice Act the right to recover is limited by the facts alleged in the complaint.  *Powers* v. *Mulvey*, 51 Conn. 432, 433.

The instructions of the court must be correct, adapted to the issue, and sufficient for the guidance of the jury in the case before them.  *State* v. *Kelly*, 77 Conn. 266, 274, 58 Atl. 705; *Hartford* v. *Champion*, 58 Conn. 268, 20 Atl. 471; *Waters* v. *Bristol*, 26 Conn. 398.

The defendant requested the court, in writing, to charge the jury as follows: "This action is brought by the plaintiff for the conversion by the defendant to his own use of certain mechanic's tools described in the complaint, and to this the defendant has entered a general denial.  The burden of proof is therefore on the plaintiff to satisfy you by a fair preponderance of the evidence that the defendant either actually appropriated the goods in question to his own use or refused to deliver them up on a proper demand made by the plaintiff.  If the plaintiff has failed to satisfy you by a fair preponderance of the evidence on these points your verdict should be for the defendant.  It is not for the defendant to prove that he did not convert the tools to his own use, but the plaintiff must prove that he did, and if the plaintiff has failed to make out his case the verdict goes for the defendant as a matter of course.

"If you find that the plaintiff was in the employ of the defendant and quit work and left his tools on the premises of the defendant, and the defendant did nothing more to or with them than to allow them to remain there and refused to carry them to the plaintiff's house or such place as the plaintiff designated, and that his opening of the tool-chest was merely to repossess himself of tools belonging to the defendant, then your verdict should be for the defendant,

for these acts would not constitute any conversion of the plaintiff's property. . . .

"Even if you find that the plaintiff's tools were lost or misappropriated by some one on the premises of the defendant, that does not make the defendant liable. He cannot be liable unless it is proved by a fair preponderance of the evidence that he, the defendant, either by himself or under his direction, misappropriated the tools of the plaintiff."

The propositions contained in these requests were a correct statement of the law and applicable to the case. The defendant was entitled to have them given to the jury, at least in substance. An examination of the charge, which is set out in full in the record, discloses that these requests were not given in form or substance. On the contrary the charge, as already indicated, contains directions to the jury inconsistent with the instructions requested. When evidence is offered by either party to prove a certain state of facts, and the claim is made that they are proved, and the court is correctly requested to charge the jury what the law is as applicable to the case, the court must comply. *Morris* v. *Platt*, 32 Conn. 75, 82. It is not error to refuse to give requested instructions which are sufficiently covered by the instructions in the case. *Crotty* v. *Danbury,* 79 Conn. 379, 385, 65 Atl. 147; *Houghton* v. *New Haven,* 79 Conn. 659, 66 Atl. 509; *Ridgefield* v. *Fairfield,* 73 Conn. 47, 51, 46 Atl. 245; *Charter* v. *Lane,* 62 Conn. 121, 25 Atl. 464; *Hartford* v. *Champion,* 58 Conn. 268, 20 Atl. 471.

There is error and a new trial is ordered.

In this opinion the other judges concurred.