SURBAUGH et al., v. BUTTERFIELD.

No. 2573.    Decided April 8, 1914.    Rehearing Denied May 9, 1914
(140 Pac. 757).

1. PLEADING—ANSWER—ADMISSIONS—CONSTRUCTION, OPERATION, AND EFFECT.  The admission in the answer, in an action for trespass by defendant's sheep and cattle, that defendant was the owner "of certain animals, to wit, sheep and cattle," was not an admission that he was the owner of the alleged trespassing animals, where, in connection with the admission, all the allegations of the complaint were denied.  (Page 449.)

2. APPEAL AND ERROR—CHANGING GROUND OF OBJECTION.  Where a case was tried as though at issue upon a material point, the plaintiff could not, for the first time on appeal, assume that the allegations regarding that point were not denied by the answer.  (Page 449.)

3. EVIDENCE—HEARSAY—STATEMENTS BY PERSONS NOT PARTIES OR WITNESSES—ORAL STATEMENTS.  In an action for trespass by sheep and cattle, statements of a person herding them that they belonged to defendant were inadmissible, being hearsay and not *res gestae* within that exception to the hearsay rule. (Page 450.)

4. EVIDENCE—DECLARATIONS—DECLARATIONS OF PERSON IN POSSESSION AS TO TITLE.  The rule that declarations of a person in possession of property are admissible to show the nature of his possession only applies where the nature of his possession is material, and the declarations of a herder of trespassing sheep and cattle that they belonged to defendant were inadmissible to show defendant's ownership.  (Page 450.)

5. EVIDENCE—DECLARATIONS—DECLARATIONS OF PERSON IN POSSESSION AS TO TITLE. Declarations of the herder of trespassing sheep and cattle that they belonged to defendant, for whom he was working, were not admissible as showing the nature of his possession, as they did not show possession in him but in defendant. (Page 450.)

6. PRINCIPAL AND AGENT—CREATION AND EXISTENCE OF RELATION— EVIDENCE OF AGENCY—DECLARATIONS OF AGENT. The declarations of a herder of trespassing sheep and cattle that he was working for defendant, who owned them, were inadmissible, because agency cannot be proved in that way. (Page 452.)

7. PRINCIPAL AND AGENT—CREATION AND EXISTENCE OF RELATION— EVIDENCE OF AGENCY—DECLARATIONS OF AGENT—ACTIONS—EVIDENCE. Declarations of a herder of trespassing sheep and cattle that they belonged to defendant, and that he was herding them for him, were inadmissible; it not being shown to be any part of his agency to so talk and gossip about his principal's affairs. (Page 452.)

APPEAL from District Court, Third District; *Hon. M. L. Ritchie,* Judge.

Action by T. M. Surbaugh and another against Samuel Butterfield.

From a judgment for plaintiffs, defendant appeals.

REVERSED AND REMANDED FOR NEW TRIAL.

*A. A. Duncan* for appellants.

*C. W. Collins* for respondent.

STRAUP, J.

This is an action for trespass. It is alleged the defendant's sheep and cattle, between March, 1910, and July, 1911, trespassed on the plaintiffs' lands to their damage. The defendant, in his answer, admitted "that at the times mentioned" in the complaint "he was the owner, in possession, and chargeable with the care and control of certain animals, to-wit, sheep and cattle," and denied all the allegations of the complaint. The case was tried to the court.

The issues were found, and a judgment rendered in plaintiffs' favor. The defendant appeals.

He asserts the evidence is insufficient to show that the trespassing sheep and cattle were his, and that the court erroneously admitted evidence to prove ownership. One of the plaintiffs testified that in March, 1910, he saw a herder with the trespassing sheep and cattle. He was asked by his counsel: "Did you see any herder in charge of the stock up there during 1910? A. Yes; with the sheep. We went up to the camp where he was. Q. Did you make any inquiry of him as to whose herder he was, and whose stock those were? A. Yes, sir. Q. What did he tell you?" This was objected to as hearsay. The objection was overruled. "A. He came to meet us. We said to him, 'Whose sheep are those?' He says, 'Butterfield's.' " The defendant also made a motion to strike the testimony. It also was denied. The witness further answered: "And the cattle was herding on the mountain also a little farther north. We said, 'Whose cattle are those?' He says, 'They are Butterfield's.' " This also was objected to, and a motion made to strike. Both were denied. "Q. In 1911 did you see any herder in charge of the stock there on the property? A. We met the herder of the sheep, and met him taking the sheep off the ground. Q. Did you have any conversation with him as to who he was herder for? A. Yes. Q. And who the cattle and sheep belonged to? A. Yes, sir; Surbaugh and I both talked to him. Q. What did he tell you?" This, also, was objected to on the same ground. "A. Didn't tell whose stock they were. He said Samuel Butterfield's sheep."

The other plaintiff was asked by his counsel: "Q. Did you see any herder in charge of the stock there? A. Yes, sir. Q. Did you go and talk with him about the stock? A. Yes, sir. Q. Did he tell you for whom he was herding, and who the stock belonged to?" This was objected to on the same ground. Same ruling. "A. He told me they were Mr. Butterfield's sheep; that he was working for him; he was his herder. Q. Who did he say the cattle belonged

to?" Same objection and same ruling. "A. Said the cattle belonged to Mr. Butterfield also. Q. Did you find any herder in charge of the stock there in 1911? A. Yes, sir. Q. Did you go over to him and have any conversation with him as to whose stock they were, and who he was herding for? A. Yes, sir. Q. What did he say to you?" Same objection. Same ruling. "A. Said they were Mr. Butterfield's sheep; that he was Mr. Butterfield's herder. Q. What Mr. Butterfield? A. Samuel Butterfield."

Complaint is made of these rulings. If this evidence was improperly admitted, there is no sufficient evidence to show that the trespassing animals belonged to the defendant. He testified that they did not belong to him, and that they were not in his care nor under his control. The rulings are defended, first, on the ground that the evidence is harmless for, as is asserted, there was no issue as to the ownership of the trespassing animals. This, because of the defendant's admission in his answer that he was the owner, not of the alleged trespassing animals, but "of certain animals, to wit, sheep and cattle." That is not an admission that he was the owner of the alleged trespassing animals, when, in connection with the admission, all the allegations of the complaint are denied. In the next place, the case was tried on the theory that all of the material allegations of the complaint were put in issue, including the ownership and control of the alleged trespassing animals. The plaintiff attempted to prove ownership as though it was in issue. The rule is well settled that, when a case has been tried as though at issue upon all the material points, the plaintiff will not be permitted, for the first time in the appellate court, to assume the insufficiency of the answer, in the particular that material allegations regarded as denied and at issue were not denied. 21 Pl. & Pr. 667; *Green v. L. S. & P. F. Co.,* 46 Cal. 408; *Cave v. Crafts,* 53 Cal. 135; *Spiers v. Duane,* 54 Cal. 176.

The rulings are further defended on the ground that the declarations of the so-called herder were admissible under

44 Utah 29

the *res gestae* rule.  How often this battle-scarred
veteran of the exception to the hearsay rule is ordered 3, 4, 5
to the front to arrest onslaughts of the old hearsay
guard!  To justify this, language from texts to this effect
are pointed to:  Wood's Pr. Ev. section 155,

"Declarations of a party in possession of property made at the
time of the transfer to him as to the nature of his possession"

are admissible.  16 Cyc. p. 1173,

"Claim as to ownership or rights by one in possession of personal
property may be shown by relevant declarations, although they
were not made under the declarant's oath."

Jones on Ev. (2d Ed.), Jones, Com's on Ev. 351,

"The declarations of persons in possession of personal property are
often received as verbal acts characterizing and explaining the
nature of such possession, that is, as a part of the *res gestae*."

About all the cases cited to support the texts are cited by
the latter, Jones, Com's on Ev.  Neither the texts nor the
cases support counsel's contention.  We think they are mis-
conceived and misapplied.  They relate to cases where the
possession of the declarant, or the nature or character of his
possession, was relevant and material; cases involving decla-
rations of former owners in possession of chattels, or of those
in privity, or identified in interest with one claiming under
or through the declarant, or declarations showing motive,
design, intent, or purpose with which the declarant in pos-
session acquired, held, or transferred the property, or
declarations of authorized agents or other representatives.
No claim is here made of agency, former owner, privity,
identity of interest, or the like.  When it is said the declara-
tions of a former owner in possession of property, or of one
identified in interest, or in privity with one claiming under
or through him, or of an authorized agent, etc., are receivable,
such declarations are received as being in the nature of ad-
missions.  But declarations of one in possession may also

in some instances be received when such relations are not shown, when it is pertinent and relevant to show motive, design, intent, or purpose with which the declarant in possession acquired, held, or transferred the property. Or, as Jones puts it:

"Declarations of persons in possession of personal property are often received as verbal acts characterizing and explaining the nature of such possession."

But, as he and all the texts and cases say, where the nature and character of the possession of the declarant is material and relevant, and when such declarations tend to explain or characterize the nature of his possession, when the possession or the nature of the possession of the declarant is itself relevant and admissible, then his declaration explaining or characterizing such possession is also admissible. But here it is not made to appear wherein the possession or the nature of the possession of this undescribed and unidentified herder, or the motive, design, intent, or purpose with which he acquired or held possession, was in any particular relevant or involved. It is clear the evidence here was adduced, not to explain or characterize the so-called herder's possession, but to show ownership in another—in the defendant. "Whose sheep are those?" asked the plaintiffs of this stranger, the herder. He answered, "Butterfield's—the defendant's. "Whose cattle are those herding on the mountain side?" He answered, "Butterfield's." Is it possible, in an action between the defendant and another, each claiming ownership of the cattle, such gossip would be evidence of the defendant's ownership? In the next place, this stranger, this declarant, was not even shown to be a possessor. All that was shown in that respect was that whatever possession he had was not his possession but that of another. "Did you make any inquiry of him as to whose herder he was? Did he tell you for whom he was herding, and who the stock belonged to?" were asked plaintiffs by their counsel. They answered the herder told them the stock belonged to Butterfield; that he was working for him; that he was his herder.

Of course counsel concede that agency cannot be shown by declarations of the alleged agent. But here *res gestae* is again ordered to the front. Still whatever possession is shown by this evidence is, not that the herder was the possessor, but that another was by whom he was employed. Jones on Evidence, in the section referred to, section 351, Commentaries on Evidence, makes clear that declarations as these cannot be received under the rule. He there says that the declaration or explanation of one in charge of a vehicle as to the ownership of it, made not for explanatory purposes but with reference to an accident which had occurred, and to show that it belonged to the defendant in an action arising out of such accident, was inadmissible. Cases directly in point holding this evidence inadmissible are: *Cohn & Goldberg Lumber Co. v. Robbins,* 159 Ala. 289, 48 South. 853; *Charter v. Lane,* 62 Conn. 121, 25 Atl. 464.

When all is said and done, the case is this: The plaintiffs were permitted, over the defendant's objections, to prove agency—that the stranger, the declarant, was the defendant's herder—by the declaration of the alleged         6, 7 agent, and then, by his further declaration were permitted to prove, over defendant's objections, the defendant's ownership of the animals. Both offended against the well-established law of agency, for agency may not be shown in that way. Nor was it shown to be any part of the declarant's agency to so talk and gossip about his principal's affairs. So there was proof of neither agency, nor that the declarations were within the scope of the agency, or in the course of the agent's employment.

The judgment is reversed, and the case remanded for a new trial. Costs to the appellant.

McCARTY, C. J., and FRICK, J., concur.