PATRICK J. TULLY *v.* QUAZIM DEMIR ET AL.

MALTBIE, C. J., BROWN, JENNINGS, ELLS and DICKENSON, Js.

·Argued October 4—decided November 8, 1944.

*Harrison D. Schofield,* with whom was *John W. Joy,* for the appellants (defendants Demir and Querim).

*William L. Hadden,* with whom, on the brief, were *Walter T. Faulkner, Daniel Pouzzner* and *Clarence A. Hadden,* for the appellant (defendant Musante, Berman & Steinberg Co., Inc.).

*William B. Fitzgerald,* with whom was *Harry F. Spellman,* for the appellee (plaintiff).

JENNINGS, J. The defendants Demir and Querim, partners, conducted a restaurant business on Grand Street in Waterbury under the name of the Lincoln Lunch. They were lessees of the ground floor and the cellar underneath. The other defendant, Musante, Berman & Steinberg Co., Inc., was engaged in the wholesale fruit and vegetable business. A trap door located in the public sidewalk afforded entrance to the cellar. On the day in question, two employees of the defendant Musante, Berman & Steinberg Co., Inc., were delivering produce to the Lincoln Lunch through this trap door, which had been opened for the purpose. The plaintiff, walking upon the sidewalk, struck his shin against one of the upright leaves of the door, was thrown to the cellar floor and was injured. The jury rendered a verdict in favor of the plaintiff against both defendants. Musante, Berman & Steinberg Co., Inc., appeal on the sole ground that the motion to set aside

the verdict should have been granted, claiming that the evidence showed conclusively and as a matter of law that the plaintiff was guilty of contributory negligence. Demir and Querim also appealed on this ground and on the ground that they were under no duty to warn or otherwise protect passersby, and in addition they assigned error in the finding and charge.

The jury could reasonably have found the following additional facts: The trap door set in the sidewalk was constructed of metal and consisted of two leaves each nineteen inches wide and sixty-one inches long. When open, they stood at right angles to the sidewalk, were perpendicular and were held in place by an iron bar across the side nearest the street. The north end of the door was close to the building. The south end was twenty-six inches inside of the curb. A parking meter was set in the curb opposite the door. On the day in question, two employees of Musante, Berman & Steinberg Co., Inc., brought a consignment of potatoes in hundred-pound bags for delivery to the Lincoln Lunch. After parking their truck, both went into the lunchroom and asked the defendant Demir where he wished to have them put the potatoes. Demir told them to deliver the potatoes through the sidewalk trap door and pointed it out to them. They then asked about the bar used to hold the door open and Demir told them that they would find it at the foot of the stairs under the trap door. The two employees then left the restaurant, opened the trap door, and secured it with the bar, and one of them went down cellar to receive the potatoes while the other brought them from the truck. No other safeguards were employed for the protection of pedestrians.

The portion of Grand Street occupied by the Lincoln Lunch is a busy artery of traffic. The volume of pedestrian traffic is particularly heavy during the noon hour,

when the injury to the plaintiff occurred. The space available for pedestrians between the south side of the open trap door and the parking meter at the curb was so narrow that only one person could pass at a time. August 26, 1942, was a clear day. At about half past twelve the plaintiff was walking on the inside of the sidewalk east on Grand Street close behind two large women who were as tall or taller than he, were carrying bundles and wore large hats. Just as the woman in front of him reached the trap door she took a step to the right. The plaintiff, who was looking straight ahead, took a step forward. His left leg, at a point just beneath the kneecap, struck the top of the upright westerly half of the open trap door at a point about one and one-half feet north of the outer or curb end of the door. He was precipitated to the cellar floor and was seriously injured. Granting that the plaintiff should have seen and avoided the door had he been alone on the street or had conditions been such that he must have seen it in the reasonable use of his senses (*Seabridge* v. *Poli*, 98 Conn. 297, 304, 119 Atl. 214; *Martin* v. *Stamford Gas & Electric Co.*, 118 Conn. 319, 321, 172 Atl. 218), that was not the situation here. A traveler upon a highway is entitled to assume that it is reasonably safe for public travel; *Houghton* v. *New Haven*, 79 Conn. 659, 662, 663, 66 Atl. 509; and there was nothing in the situation to warn the plaintiff of his peril until the pedestrian immediately ahead of him stepped aside. It cannot be said as a matter of law either that the momentary exposure to view of the upright leaf charged him with contributory negligence or that Demir and Querim were under no duty to guard the opening. See *Campus* v. *McElligott*, 122 Conn. 14, 19, 187 Atl. 29; note, 11 A.L.R. 571. The action of the trial judge in denying the motion to set aside the verdict was correct.

The statement of facts sufficiently sets forth the claims of proof. Demir and Querim assigned error in the charge, first, because the court left to the jury the question whether the open trap door was intrinsically dangerous and, second, because, assuming that it was correct in that respect, it failed to define the term "intrinsically dangerous." These defendants are not entitled to have these assignments of error considered because no written requests to charge are included in the finding and no oral exceptions were taken after the charge was delivered. Practice Book, § 156.

There is no error.

In this opinion the other judges concurred.