THE PREFERRED ACCIDENT INSURANCE COMPANY OF NEW YORK v. MUSANTE, BERMAN & STEINBERG COMPANY, INC.

SUPERIOR COURT    NEW HAVEN COUNTY    FILE No. 15735
AT WATERBURY

Memorandum filed March 24, 1948

*Woodhouse & Schofield,* of Hartford, for the Plaintiff.

*William L. Hadden,* of New Haven, for the Defendant.

ROBERTS, J.   This is an action to recover one-half of a judgment paid by the plaintiff as the liability insurer of the operators of a restaurant business in Waterbury known as Lincoln Lunch, against the defendant, who was engaged in the produce business in Waterbury, and who was at the time delivering produce to said Lincoln Lunch, and the plaintiff also seeks to recover a further sum as the cost of investigation, counsel fees, and disbursements in the defense of the initial action of *Tully* v. *Demir,* 131 Conn. 330.

It has been stipulated and agreed that the evidence in this case shall be that evidence printed in the record on appeal in case No.. 2543, *Patrick J. Tully* v. *Quazim Demir et al.,* an appeal from the Superior Court, New Haven County at Waterbury, to the Supreme Court of Errors, together with the exhibits referred to in said printed record.  It is further stipulated that this court may take judicial notice of the complete Superior Court file No. 14,685, *Patrick J. Tully* v. *Quazim Demir et al.,* Superior Court for New Haven County at Waterbury, and also of the complete record on appeal in said case.  Said case is reported as *Tully* v. *Demir,* 131 Conn. 330.

The facts essential to a determination of this case are found as follows: the plaintiff on and for some time prior to August 26, 1942, was the insurer of Quazim Demir and Nevrus Querim, doing business as the Lincoln Lunch, covering the liability of said Quazim Demir and Nevrus Querim for the operation of said Lincoln Lunch, a restaurant located on Grand Street in the city of Waterbury.

On said August 26, 1942, one Patrick J. Tully of Waterbury, while walking upon said Grand Street in front of the property of the Lincoln Lunch, fell into an opening or trapdoor located on the public sidewalk in front of said Lincoln Lunch.  Said

Demir and Querim were partners and were the lessees in control of the ground floor and of the cellar of said restaurant.

As a result of said fall, Patrick J. Tully instituted a civil action returnable the first Tuesday of December, 1942, to the Superior Court for New Haven County at Waterbury, in which action said Quazim Demir and Nevrus Querim, doing business as Lincoln Lunch, and Musante, Berman and Steinberg Co. Inc., the defendant in this action, were the sole parties defendant. And thereafter on December 16, 1943, following a trial on the merits of said action before a jury, a verdict was rendered in the amount of $5,000 damages and costs as against both defendants. Said verdict was subsequently upheld and judgment affirmed upon appeal to the Supreme Court of Errors. *Tully v. Demir,* supra.

Said defendant, Musante, Berman & Steinberg Co. Inc. was at the time engaged in the wholesale fruit and vegetable business in Waterbury. The trapdoor in question was located in the public sidewalk and afforded an entrance to the cellar of said Lincoln Lunch. The trapdoor was set in the sidewalk and was constructed of metal and consisted of two leaves each nineteen inches wide and sixty-one inches long. When open, they stood at right angles to the sidewalk, were perpendicular and were held in place by an iron bar across the side nearest to the street. The north end of the trapdoor was close to the building the south end was twenty-six inches inside of the curb. A parking meter was set in the sidewalk twenty-four and a half inches southwesterly of the doors and twenty inches in from the curb. The trapdoor at the time of said fall was opened and had been opened by two employees of the defendant, Musante, Berman and Steinberg Company, Inc. who were delivering potatoes of the defendant company to Demir and Querim as owners of the Lincoln Lunch, through this trapdoor which had been opened for that purpose.

After parking the truck, the employees went into the lunch room and inquired of Demir where they were to deliver the potatoes and Demir directed them to deliver them through the trapdoor and pointed it out to them. One of the employees then asked about the bar used to hold the door open, and Demir told them that they would find it at the bottom of the stairs under the trapdoor. The employees then left the restaurant and the two employees opened the trapdoor and secured it with the bar and one of them went down cellar to receive the potatoes while the other brought them from the truck.

No other safeguards were employed for the protection of pedestrians. The volume of pedestrian traffic on Grand Street at the point is heavy especially during noon hour at the time the plaintiff was injured. Neither Demir nor Querim nor anyone in their employ went out on the sidewalk while the potatoes were being unloaded.

The plaintiff at about the hour of half past twelve was walking on the inside of the sidewalk behind two women who obscured his view of the trapdoor until he was upon it. He struck the top of the upright westerly half of the open trapdoor and was precipitated into the cellar and seriously injured.

Demir and Querim had been doing business at this place for about thirteen years at the time of the accident. They had also been dealing with the defendant, Musante, Berman, Steinberg and Co. Inc. during that period of time. It was the usual custom of the defendant to deliver the produce down cellar through the trapdoor as was being done on the day of the accident.

It seems to the court that the Supreme Court, in deciding *Preferred Accident Ins. Co.* v. *Musante, Berman & Steinberg Co.*, 133 Conn. 536, on the demurrer to the complaint, has charted the course for the decision in this case. The Supreme Court had before it at the time of its decision the record in the case of *Tully* v. *Demir*.

On the question as to whether the original judgment in *Tully* v. *Demir* was res adjudicata of the issue as to the parties in this action, an examination of the record in said *Tully* v. *Demir* discloses as stated by the Supreme Court in *Preferred Accident Ins. Co.* v. *Musante*, supra, 539: "It does not show any claim by either the present defendant or the lessees that the negligence of the other was the sole proximate cause of the injury. There were no adversary pleadings. The record does not show an attempt by either the present defendant or the lessees to escape liability by claiming that the other was solely liable. It does not fairly appear that they were adversaries, at least to such an extent as to render the judgment conclusive as to the rights and liabilities of the co-defendants as to each other." After citing a number of authorities, said court further stated "Our conclusion is that the judgment in *Tully* v. *Demir et al.* was not res adjudicata as to the present case." This must necessarily be the finding of this court that the judgment in that case is not res adjudicata of the issue as to the parties in this action.

The trapdoor when closed, was not dangerous to those using the public sidewalk, and the plaintiff's accident would not have happened except that this defendant's employees had opened it. When opened, it then became dangerous and it was negligence on the part of the defendant's servants and agents not to have guarded against injury to Tully and other travelers which might be on the public sidewalk. This they neglected to do. The defendant's employees , after opening said trapdoor, had placed no warnings or safeguards about the doors. At the time of the accident one of the employees was down cellar and the other was in the truck getting a sack of potatoes with his back to the sidewalk. The truck was parked some seventeen feet away from the trapdoor. At the time of the injuries received by Tully the trapdoor was under the exclusive control of the employees of the defendant who were acting within the scope of their authority, and they were negligent in failing to properly guard said door and to warn pedestrians and that negligence was the sole proximate cause of said injury.

Demir and Querim or anyone in their employ did not participate in the opening of the trapdoor. They did not actively create the condition that caused the harm. They did not personally know that this defendant's employees had not taken any precaution against warning the plaintiff and others. Demir and Querim under the circumstances had a right to rely on this defendant and its servants and agents to act in a careful manner.

The defendant owed the Lincoln Lunch the duty of properly performing the work of opening the trapdoor and warning pedestrians of the conditions there existing.

Demir and Querim were held liable to Tully on the principle as laid down in *Campus* v. *McElligott*, 122 Conn. 14. They were only liable in the eye of the law.

The rule that there cannot be contribution between joint tort feasors should not apply under the facts in this case, but rather the rule should apply as more specifically stated in 38 A. L. R. 566: "The responsibility of a contractor to his employer has frequently been determined with reference to a rule of general application which may be thus stated: Where two parties are jointly liable in respect to a tort, one of them for the reason that he is the actual wrongdoer, and the other for the reason that the tort constituted a violation of a positive duty, the latter is entitled to recover from the former the amount which he has been compelled to pay as damages for the injury. The rationale

of this rule is that the latter party is chargeable merely with 'constructive fault' and is consequently not in pari delicto with the former. In this point of view, the applicability of the rule is negatived, wherever it appears that the party seeking indemnity was himself guilty of affirmative misconduct which was a proximate cause of the injury in question. The plaintiff in an action against the contractor cannot recover unless he shows that 'the active negligence and wrong which caused the injury' in question were the 'negligence and wrong of the defendant or, in other words, that the defendant was the party primarily liable for the wrongful act which occasioned the injury in respect of which the plaintiff has been compelled to pay damages.' " *Preferred Accident Ins. Co.* v. *Musante, Berman Steinberg Co.,* supra, pp. 542, 543; *Dunn* v. *Uvalde Asphalt Paving Co.,* 175 N. Y. 214; Restatement, Restitution, § 95.

The facts of this case establish that Demir and Querim were only chargeable wth constructive fault insofar as Tully was concerned, and they were not guilty of affirmative misconduct. It was the active negligence and wrong of this defendant, through its servants and agents, which occasioned the injury to Tully, and this defendant is primarily liable for the wrongful act.

This principle of allowing indemnity under conditions similar to those existing in this case has been adopted in many jurisdictions. *Scott* v. *Curtis,* 195 N. Y. 424, owner of property allowed indemnity against one delivering coal for an accident in a coal hole in the sidewalk; *Globe Indemnity Company* v. *Schmitt,* 142 Ohio St. 595, occupier of premises allowed indemnity against one removing cover of aperture adjacent to property causing injury; *Churchill* v. *Holt,* 127 Mass. 165, occupant of building connected with which was a hatchway in the sidewalk allowed to maintain action of indemnity against third party, who had negligently left open and unguarded the hatchway causing injury; *Hollywood Barbecue Co.* v. *Morse,* 314 Mass. 368.

The facts in this case present a situation where this defendant, through its servants and agents, was in control of the situation and their negligence alone was the direct immediate cause of the injury, and Demir and Querim did not know of the fault and had no reason to anticipate it and might reasonably have relied upon this defendant's servants and agents not to commit a wrong.

The case of *Tully* v. *Demir* was determinative of the fact that there was no contributory negligence on the part of Tully.

The plaintiff upon demand, as insurer of said Lincoln Lunch, paid to the attorneys for said Patrick J. Tully the sum of $2766.09 being one-half of the judgment and costs legally due to said Patrick J. Tully, and the plaintiff has expended a further sum of $1,000 for investigation, counsel fees and sundry disbursements in the investigation and defense of the action instituted by the said Tully. The plaintiff became subrogated to the rights of said Quazim Demir and Nevrus Querim, doing business as the Lincoln Lunch.

The issues are found for the plaintiff and judgment may enter for the plaintiff to recover $3,766.09 from the defendant.