See note to this case in 37 N. W. Rep. 405.— REP.

BOYINGTON, Respondent, vs. SQUIRES, Appellant.

*February 28 — March 27, 1888.*

*Watercourses: Mill-dams: Flowage of land: Injury to possession: Proof of title: Instructions to jury.*

1. Proof of the plaintiff's actual possession and occupancy of land is sufficient *prima facie* proof of title and ownership to enable him to maintain an action to recover damages for negligence in the use of a mill-dam and water-power whereby such land was flowed and

injured and the growing crops thereon destroyed — such injury being merely to the possession. *Winchester v. Stevens Point,* 58 Wis. 350, distinguished.

2. In such an action it is not error for the court to instruct the jury that the right of the plaintiff to the use and enjoyment of his land is equal to the right of the defendant to the use and enjoyment of his dam and water-power; and that the defendant may pass the whole volume of water running in the stream at any time through his dam, but he may not so increase that volume from his mill-pond as to injure the lands of other owners below, which otherwise would not have been injured.

APPEAL from the Circuit Court for *Monroe* County.

Action to recover damages for the alleged negligence of the defendant in the use of a certain mill-dam and water-power on Mill creek, in Monroe county, by retaining the water of the stream in the pond created by the dam, and discharging the same therefrom, by means whereof the plaintiff's land below on the same stream was flowed and injured, and his crops growing thereon destroyed, etc., etc. The complaint charges that a portion of such damages was caused in June, 1883, and a portion in July, 1884, by the means aforesaid.

The answer denies the negligence charged, and that any damage was caused by the discharge of water through the dam; and alleges that from October 1, 1883, to October 1, 1885, the dam, water-power, and mill were in the possession of a tenant, and that such mill and water-power had been used and operated in the same manner for more than twenty years next preceding the commencement of this action.

A trial of the cause resulted in a verdict for the plaintiff for $50. The rulings and testimony on the trial are sufficiently stated in the opinion. A motion for a new trial was denied, and judgment rendered for the plaintiff pursuant to the verdict. The defendant appeals from the judgment.

For the appellant there was a brief by *G. C. Prentiss* and *Dickinson & Graham*, and oral argument by *Mr. Prentiss.*

For the respondent there was a brief by *George Graham* and *J. M. Morrow*, and oral argument by *Mr. Graham.*

LYON, J. 1. It is alleged in the complaint that the plaintiff is the owner in fee-simple, and in possession, of the land therein described and charged to have been injured, being sixty acres of land. The answer admits his ownership of forty acres thereof under a conveyance to him executed by the defendant, and denies his title to the remaining twenty acres. Probably the plaintiff did not prove a good record title to the twenty acres by competent evidence, but he did prove himself in the actual possession and occupancy of the whole sixty acres when the land was flowed and the injury complained of inflicted. This is sufficient *prima facie* proof of title and ownership to enable the plaintiff to maintain this action, which is merely for injury to the possession, and not, as in *Winchester v. Stevens Point*, 58 Wis. 350, for a permanent and continuing injury to the freehold. See, also, *Reed v. C., M. & St. P. R. Co.*, *post*, p. 399. It must be held that the plaintiff sufficiently established his title to the land injured to maintain this action.

2. The defense of a right by prescription to hold and discharge water by and through defendant's dam in the manner in which it was discharged when the injuries complained of were inflicted, and that the lessee of the mill is alone liable for the damages suffered in July, 1884, seem to have dropped out of the case. No instruction on these subjects was asked or given, and no point thereon was seriously urged in the argument in this court. It may be observed, however, that the testimony does not tend to prove any prescriptive right, if a prescriptive right could exist in such a case, and it was proved that defendant was in the actual

use of the mill property at or about the time the injury of July, 1884, was inflicted..

3. There was abundant testimany given on the trial tending to show that the defendant controlled the water in his mill-pond negligently, and discharged it in unreasonable quantities upon the plaintiff's land at the times alleged, and that the plaintiff was injured thereby to the amount of his recovery and more. The testimony is quite voluminous, and we cannot undertake to state it in detail. A statement of our conclusion of its character and effects, after a careful persual of it, must suffice.

4. The only exceptions to the charge of the judge to the jury are to passages therein to the effect that the right of the plaintiff to the use and enjoyment of his land was equal to the right of the defendant to the use and enjoyment of his dam and water-power; and that the defendant may pass the whole volume of water running in the stream at any time through his dam, but he may not so increase that volume from his mill-pond as to injure the lands of other owners below, which otherwise would not have been injured. This is nothing more than an application of the maxim *sic utere tuo ut alienum non lædas.* We think the maxim applicable to this case, and hence find no error in the charge.

*By the Court.*— The judgment of the circuit court is affirmed.