[No. 12382.    Department Two. — December 26, 1889.]

GOLDEN GATE MILL AND MINING COMPANY, RESPONDENT, v. JOSHUA HENDY MACHINE WORKS, APPELLANT.

ENTRY OF JUDGMENT — INTEREST ON VERDICT. — The clerk must include in the judgment interest on the amount of the verdict from the time it was rendered.

VERDICT CONFINED TO DEFENDANTS WHO ANSWER. — If two defendants answer, and a third makes default, the verdict is properly confined to those who answer, and should not include the one as to whom there is no issue.

ID. — ACTION OF TORT — JUDGMENT AGAINST PORTION OF THE DEFENDANTS. — In an action of tort, two of the defendants, who have answered, and against whom a verdict is rendered, cannot complain that no judgment by default was entered against the third defendant.

ACTION OF TRESPASS — POSSESSION — WRONG-DOER. — Possession of personal property is sufficient to maintain an action of trespass against a mere wrong-doer.

EFFECT OF EVIDENCE WHICH IS STRICKEN OUT. — Evidence which is stricken out cannot be considered upon a question whether there is evidence sufficient to justify the verdict.

DEPOSITION — ANSWER NOT RESPONSIVE — STRIKING OUT. — If in a deposition an answer be not responsive to the interrogatory, it may be stricken out.

CORPORATION DE FACTO — WHEN DEFENDANT CANNOT QUESTION EXISTENCE OR RIGHT TO HOLD PROPERTY. — In an action by a corporation de facto, claiming in good faith to exist, the defendant, who is a mere trespasser, cannot question the corporate existence of the plaintiff, or its capacity to take and hold property.

APPEAL from a judgment of the Superior Court of the city and county of San Francisco, and from an order refusing a new trial.

The facts are stated in the opinion.

*W. H. H. Hart*, for Appellant.

*Arthur Rodgers*, and *H. W. Philbrook*, for Respondent.

HAYNE, C. — This was an action of trespass for breaking into the building of the plaintiff, and injuring and carrying away certain machinery which was affixed thereto. There was a verdict for the plaintiff for nine hundred dollars, and the defendant, against whom it was rendered, appeals from the judgment, and from an order denying a new trial.

1. We do not think that the appellant's criticisms upon the complaint are well founded.

2. The judgment was not entered until one year after the rendition of the verdict, and in entering it the clerk included therein interest on the amount of the verdict from the time of its rendition. It is objected that this was unauthorized. If the point were well taken, it could only lead to a slight modification of the judgment at the appellant's costs. But it is not well taken. The statute expressly provides that "the clerk must include in the judgment entered up by him any interest on the verdict or decision of the court from the time it was rendered or made." (Code Civ. Proc., sec. 1035.) This provision authorized the course taken. There is nothing to the contrary in *Alpers* v. *Schammel*, 75 Cal. 590. If there were, the decision would be in direct conflict with the statute, and would have to be overruled.

3. The action was against three defendants. The verdict was against one and in favor of another, but omitted all reference to the third. And it is argued that this is error, for which the defendant, against whom judgment

was rendered, is entitled to a reversal. But the record does not show that the omitted defendant put in any answer. There was no issue as to him. Consequently the verdict properly omitted all reference to him. And the omission to enter a judgment by default against him (for failure to plead after the overruling of his demurrer) is not a thing of which his co-defendant can complain.

There are other answers to the objection, but the foregoing is sufficient.

4. It is contended that the plaintiff showed no title to the property, and that there were errors in the introduction of his attempted chain of title. But the plaintiff introduced evidence to the effect that it was in possession of the property. And this was sufficient as against a mere trespasser. The appellant seems to be under the impression that this evidence was overcome by certain other evidence. But if it be assumed that such would be the effect of the latter evidence, it is sufficient to say that it was stricken out, and the ruling in this regard was, in our opinion, proper. The evidence of the witness was by deposition, and the answer he gave was not responsive to the interrogatory.

The evidence as to plaintiff's possession renders it unnecessary to consider the questions raised in regard to its chain of title.

5. The allegation of the corporate existence of the plaintiff was denied, and it is contended that there was no sufficient proof on the subject. But the evidence showed that the plaintiff was at least a corporation *de facto*, claiming in good faith to exist. And this being so, a mere trespasser could not raise the question of its corporate existence in an action by it to recover damages for injury to its property. (Civ. Code, sec. 358; *Rondell* v. *Fay*, 32 Cal. 361.)

Neither could such a trespasser raise the question of its capacity to take and hold property.

6. The deed from Nevin was properly excluded.

We therefore advise that the judgment and order appealed from be affirmed.

FOOTE, C., and BELCHER, C. C., concurred.

The COURT.— For the reasons given in the foregoing opinion, the judgment and order appealed from are affirmed.