Points Decided.

(November 28, 1906.)

## JOHN RISSE, et ux., Respondents, v. O. M. COLLINS, et al., Appellants.

### [87 Pac. 1006.]

TRESPASS—TITLE TO LAND ON WHICH TRESPASS COMMITTED—DAMAGES
TO GROWING CROP—MEASURE OF DAMAGES—METHODS OF ASCERTAINING DAMAGES.

1. An action may be maintained under section 1210 of the
Revised Statutes for the trespass of sheep within two miles of
plaintiff's dwelling-house, where the plaintiff is the absolute owner
in fee simple of the lands upon which his dwelling-house is situated.

2. Under the provisions of section 20, article 5, of the state
constitution, the district courts have concurrent original jurisdiction with justice courts in actions prosecuted under sections 1210
and 1211 of the Revised Statutes for the unlawful herding and
grazing of sheep.

3. In actions prosecuted under sections 1210 and 1211 of the
Revised Statutes, damages sustained by reason of the herding and
grazing sheep upon the public unappropriated lands within two
miles of plaintiff's dwelling-house are measured by an entirely
different standard and made up of different elements, and rest on
a different theory from damages sustained by reason of such livestock herding and grazing upon the plaintiff's own lands.

4. Where the action is for damages sustained by reason of the
herding and grazing of sheep upon the plaintiff's lands, and for
the consequent injury and damage to his growing crops, the measure
of damages is the value of the crops at the time of their destruction.

5. While the measure of damages for the destruction of growing grass is its value at the time and place it was destroyed, such
value must be arrived at by the jury from evidence of such facts
and circumstances as will disclose the uses for which such crop
would have been most profitable, the nearest period at which it
would have been marketable, and whether or not any further labor,
expense or service would have been necessary to bring it to the
marketable condition and period.

(Syllabus by the court.)

APPEAL from the District Court of the Second Judicial
District for Nez Perce County.   Hon. Edgar C. Steele, Judge.

Action by plaintiff for damages caused by the trespass of sheep under the provisions of sections 1210 and 1211 of the Revised Statutes. Judgment for the plaintiffs. Defendants moved for a new trial, and thereupon appealed from the judgment and the order denying their motion. *Reversed.*

Eugene O'Neill and Lloyd H. Eriesson, for Appellants.

The district court has no jurisdiction in the first instance of causes arising under sections 1210, 1211 of the Revised Statutes.

Inasmuch as the legislature designated the justice court as the one in which this new remedy was to be enforced. no other court has jurisdiction thereof. The naming of the court in such statute vests exclusive jurisdiction therein. (*Reed v. Omnibus Co.,* 33 Cal. 212; *Smith v. Omnibus R. Co.,* 36 Cal. 281; *Territory v. Mix,* 1 Ariz. 52, 25 Pac. 528; *Territory v. Ortiz,* 1 N. Mex. 5; *Andover Turnpike Co. v. Gould,* 6 Mass. 44, 4 Am. Dec. 80; *Willis v. Yale,* 1 Met. 553; *Aldridge v. Hawkins,* 6 Blackf. (Ind.) 125; *Clear Lake W. W. Co. v. Lake Co.,* 45 Cal. 90; 23 Am. & Eng. Ency. of Law, 395; *Dollar Sav. Bank v. United States,* 19 Wall. 227, 22 L. ed. 80.)

There is no evidence of any willful or tortious act on defendants' part. The damages, then, must be such as next immediately follow and are produced by the act complained of, or if not this proximate, such as in the ordinary course of things would be likely to result therefrom. (Sutherland on Damages, p. 40; Field on Damages, sec. 10.)

Where grass is overflown the plaintiff would be entitled to recover the value of the grass submerged, but not the cost of bringing his cattle to other grazing land nor price of new pasture. (*Sabine E. T. R. Co. v. Johnson,* 65 Tex. 389.)

Remote and speculative damages are not recoverable in such an action as this. The profits are not directly connected with the act complained of in this case, and the court erred in its admission of evidence as to butter made and its instruction concerning it. (*Dorwin v. Potter,* 5 Denio, 306.)

The element of damages in this case under the evidence and in accordance with the evidence is confined absolutely to the plaintiff's own lands, and he is entitled to no damages such as are contemplated under the provisions of section 1210 of the Revised Statutes of Idaho.

Allowing the testimony as to the loss of milk, or the loss of butter or other loss of cows, profits from butter business or other stock was error on the part of the court, and misled the jury, they having no basis of fact under any statute authorizing the allowance of damage for any such loss.

The plaintiff, if entitled to recover, should have shown the character and value of the property destroyed, and from those facts the jury could fix the amount to be allowed. (*Axtell v. Northern Pac. Ry. Co.*, 9 Idaho, 392, 74 Pac. 1075.)

Evidence of damages may be objected to on the trial on the ground that the damages are not sufficiently pleaded, or are too remote or speculative. In such cases, if the allegations of damages are not sufficiently specific, the defendant may demur to the complaint, or may move to make the allegations of the complaint more specific, or may question the sufficiency of the petition of special damages, by motion to strike out, *by objection to the evidence when offered, or by request for instructions.* (5 Ency. of Pl. & Pr. 77; *Packard v. Stack,* 32 Vt. 11.)

Johnson & Stookey, for Respondents.

Section 20, article 5 of the state constitution provides that: "The district court shall have original jurisdiction in all cases, both at law and equity." If it is held that section 1211, Revised Statutes, gives exclusive jurisdiction to justice courts, then it is clearly repugnant to the above clause of the constitution, as it deprives the district court of jurisdiction in a class of cases, and there can be no doubt of the intention of the framers of the constitution to give the district court unlimited jurisdiction in both law and equity.

The adoption of a self-executing constitutional provision which conflicts with an existing statute operates as an implied

repeal of such statute. (26 Am. & Eng. Ency. of Law, 2d ed., 723.)

The owners of land, as well as persons having possessory claims, have a right to bring actions in this class of cases. "The legislature evidently intended to protect settlers from the injury and annoyance of having sheep herded and grazed around their habitations, whether they possessed the same absolutely and had their title thereto or held only by mere naked possession." (*Sifers v. Johnson,* 7 Idaho, 798, 97 Am. St. Rep. 271, 65 Pac. 709, 54 L. R. A. 785.)

No objection to the facts as pleaded in amended complaint in relation to special damages covering the dairy business, handling of beef cattle, the purchase of feed and the taking of certain stock to the Blue Mountains in the state of Oregon, etc., were taken in the lower court by appellants (defendants), either by demurrer or motion, and they have, therefore, waived any objection they might have had to the introduction of this class of testimony under said amended complaint. (Rev. Stats., sec. 4178; *Carter v. Wann,* 6 Idaho, 556, 57 Pac. 314; *Aulbach v. Dahler,* 4 Idaho, 654-659, 43 Pac. 322; *Palmer v. Utah Ry. Co.,* 2 Idaho, 315, 13 Pac. 425.)

AILSHIE, J.—This action was commenced in the district court in and for Nez Perce county on September 9, 1904, and thereafter, and on December 1st, the plaintiffs filed an amended complaint praying judgment in the sum of $2,005.-50 for damages sustained by reason of the defendants' herding and grazing their sheep upon the lands of plaintiffs, and within two miles of their dwelling-house, in violation of the provisions of section 1210, Revised Statutes. Defendants answered and the case went to trial, and resulted in a verdict and judgment in favor of the plaintiffs in the sum of $150. Defendants have appealed from the judgment and an order denying their motion for a new trial. They have assigned some seventy-two errors, but we shall not attempt to consider them singly as they are all reducible to a few leading propositions, the determination of which will dispose of all the assign-

ments. It is first contended by appellants that since the plaintiffs were the owners of the lands and premises on which their dwelling-house was situated, that the case for that reason does not come within the purview of sections 1210 and 1211 of the Revised Statutes, and that those provisions only pretend to apply to possessory claims and dwellings situated thereon. This contention is not tenable, and has been disposed of adversely to appellants in *Sifers v. Johnson,* 7 Idaho, 798, 97 Am. St. Rep. 271, 65 Pac. 709, 54 L. R. A. 785. The statute was there held to apply as well to a settler who had absolute title as to one who had a mere naked possession.

It is next contended by appellants that their demurrer on the ground of want of jurisdiction in the district court should have been sustained. Section 1211, which provides the remedy in these cases, contains this provision: "The owner or the agent of such owner of sheep violating the provisions of the last section, on complaint of the party or parties injured before any justice of the peace for the precinct where either of the interested parties may reside is liable," etc.

Appellants insist that these statutes created a new right and provided a new remedy for its enforcement, and that in such case the remedy must be strictly pursued and is exclusive of all other remedies, and that this is also true as to the forum provided in which such remedy may be pursued. In support of this argument counsel cites the following authorities: *Reed v. Omnibus R. Co.,* 33 Cal. 212; *Smith v. Omnibus R. Co.,* 36 Cal. 281; *Territory v. Mix,* 1 Ariz. 52, 25 Pac. 528; *Territory v. Ortiz,* 1 N. Mex. 5; *Andover Turnpike Co. v. Gould,* 6 Mass. 44, 4 Am. Dec. 80; *Willis v. Yale,* 1 Met. 553; *Aldridge v. Hawkins,* 6 Blackf. 125; *Clear Lake W. W. Co. v. Lake Co.,* 45 Cal. 90; 23 Am. & Eng. Ency. of Law, 395; *Dollar Savings Bank v. United States,* 19 Wall. 227, 22 L. ed. 80. Some of these authorities directly support the appellants' contention, while others are at least indicative of that view. We are bound, however, by the provisions of the constitution which provides at section 20 of article 5 as follows: "The district court shall have original jurisdiction in all cases, both at law

and in equity, and such appellate jurisdiction as may be conferred by law.'' It should be borne in mind that sections 1210 and 1211 of the Revised Statutes were enacted by the territorial legislature in 1875—fifteen years before the adoption of the constitution. During that period of time the jurisdiction of the courts was prescribed by statute, and the jurisdiction and power of the district courts was somewhat different from what it has been since the adoption of the constitution. While the contention made by appellants might have been sustained prior to the adoption of the constitution, it cannot be done now. The people in the adoption of the constitution gave the district courts concurrent ''original jurisdiction in all cases both at law and in equity,'' and no statute can deprive them of such jurisdiction. If there be any question as to the remedy provided by this statute and the forum in which the same must be pursued, then that doubt is dispelled by the constitution impliedly writing into the statute the provisions of section 20, article 5, giving to the district courts concurrent original jurisdiction with the justice court.

Plaintiffs allege in their amended complaint general damages under the provisions of sections 1210 and 1211 of the Revised Statutes, and also allege special damages as follows: 1. That they were the owners of twenty milch cows, which were kept and pastured upon their premises at the time of the trespass alleged, and that they were engaged in manufacturing butter, and that the loss of their pasture closed to them this industry to their damage in the sum of $600. 2. That during the times mentioned they were the owners of thirty head of beef cattle, which were kept and pastured on their premises; that owing to the acts of defendants in permitting their sheep to feed on and destroy the grass growing on the premises they were put to an additional expense of $450 in caring for and feeding their cattle, and that by reason thereof they were also obliged to purchase feed for such stock to the amount of $240. 3. That on account of the defendants' herding and grazing their sheep upon plaintiffs'

premises, plaintiffs were obliged to seek pasturage for sixty-four head of cattle and ten head of horses, and that it became necessary for them to take such livestock to the Blue Mountains, in the state of Oregon, for pasturage, and that they incurred expenses in the employment of herders and rental for range and pasturage and payment of ferriage to the extent of $215.50. The defendants denied these allegations of special damages for want of information as to such facts. Upon the trial the plaintiffs were permitted to introduce evidence tending to establish the general allegation of trespass and amount of damages sustained, and they were also permitted, over the objection of defendants, to introduce evidence in support of each of the allegations as to special damages. They produced evidence to show that their pasture was eaten off and destroyed by defendants' sheep; that they had previously been accustomed to graze their cows on this pasture, and that they made butter from the milk, and produced an invoice of the amount of butter they had been making during the three previous years, and they testified that they had been obliged to abandon the butter business after these repeated trespasses; they also proved the amount of feed they were obliged to buy for their livestock and the amount of expense they had incurred in taking a part of their stock over into Oregon and hiring pasture for them, and the amount they had lost on thirty head of beef cattle by reason of their not being fat enough for the market in the early spring, and other evidence along these lines tending to establish their allegations of special damages. Defendants objected to all this class of evidence, and insisted that the measure of damages in such case was the value of the grass or growing crops at the time of their destruction. The court overruled the defendant's objections, and after the evidence was closed the court instructed the jury that these were proper items of damage, and that they should allow the plaintiffs whatever sum they believed they had suffered in these respects. Respondents have argued upon this appeal that the defendants in the lower court waived their objection to the allegations of special damages, for the reason

that they failed to demur. A failure to demur to these paragraphs of the complaint was not a waiver of the defendants' right to object to the introduction of evidence in support thereof, for the reason that these allegations were made a part of one cause of action and the plaintiffs had stated a good cause of action for general damages. It is true that these allegations might have been reached by a motion to strike them from the complaint, but a failure to make such motion was not a waiver of the right to object to the introduction of evidence in support of the allegations. Before passing to a consideration of the rule as to the measure of damages, it is well enough to observe: That in this case there was no evidence produced showing, or tending to show, that the defendants' sheep herded or grazed upon any public or unappropriated lands within two miles of the dwelling-house of the plaintiffs, and the plaintiffs do not appear to have attempted to establish any damages or any cause for damages on that account. On the other hand, it is abundantly established that the defendants' sheep did enter upon the lands of plaintiffs and within their inclosure, and consume and destroy a large amount of grass and alfalfa. The cause of damage for which a plaintiff may recover in these cases is widely different where the trespass is upon the plaintiff's lands from that where the trespass has been committed, not upon his lands, but upon public unappropriated lands within two miles of his dwelling-house. Since there was no evidence in this case either establishing or tending to establish a trespass upon public unappropriated lands within the two mile limit, it is unnecessary for us to consider or pass upon the elements of damage or measure thereof in such case or the modes of proof to be adopted. The only question which demands our consideration is the measure of damage and character of proof admissible to establish such damage where the trespass has been committed upon the plaintiff's own lands. The class and character of evidence admitted in this case at once suggests its uncertainty, remoteness and speculative nature, and that it could not have been reasonably foreseen by the parties committing the trespass.

In the first place, the owner of lands would have been entitled to damages for the destruction of his growing crop of grass even though he had no livestock whatever. On the other hand, he was not entitled to recover from the defendants the expense incurred in driving a band of cattle fifty or one hundred miles and there herding them, nor would he be entitled to speculate on the amount of butter he could make or the amount of profit he might have realized out of beef cattle he could have sold had his grass not been destroyed. A large element entering into the successful method of butter-making is the knowledge of how to make it and the labor and skill employed in doing the work. On the other hand, the plaintiffs were not obliged to go out of the butter business because the grass was destroyed. They might have purchased feed for their cows and continued in the business. This observation simply illustrates the uncertainty and remoteness of such an element of damages. Without entering into any discussion or review of the conflicting rules as to the measure of damages to growing crops, we are satisfied, after an examination of the question, to say that the measure of damages in such cases is, and should be, the value of the crop at the time of the injury or destruction. (4 Sutherland on Damages, sec. 1023; 13 Cyc. 153; 8 Am. & Eng. Ency. of Law, 2d ed., 330; *Colorado Con. Land & Water Co. v. Hartman,* 5 Colo. App. 150, 38 Pac. 62; *Buttles v. Chicago, S. F. & C. Ry. Co.,* 43 Mo. App. 280; *Gulf, C. & E. F. R. Co. v. Matthews,* 3 Tex. Civ. App. 493, 23 S. W. 90; *Sabine & Eastern Texas Ry. Co. v. Johnson,* 65 Tex. 389; *Gulf, C. & S. F. R. Co. v. Carter* (Tex. Civ. App.), 25 S. W. 1023.) In a case like the one under consideration a further element of damage might, and most likely would, arise, and that is where the pasture is not only grazed off by sheep, but where a large band has run over the ground and tramped and cut out most of the grass and grass roots so as to amount to a permanent injury to the pasture for the remainder of the season, and this would be especially true where lands were chiefly useful for grazing and pasturage purposes. The chief difficulty will arise in every

such case in determining the method of proving the value of growing grass or growing crops at a fixed and specified time, and of course whatever the proof may be and whatever mode may be adopted, the true value will still remain to some extent indefinite and uncertain. This, however, is true in most all cases of tort. But a jury selected from the county or community where the loss was suffered, after hearing the evidence as to the nature and condition of the crops and the extent of the injury, will seldom go far wrong in their estimate of the real injury done. It is true that very few growing crops aside from pasture have a market value at any specified or fixed time prior to maturing. Now, in the case at bar, in establishing the damage done, it would have been proper to inquire into the ease or difficulty in securing other pasture near by, and the market price of similar pasture or the price of such feed stuffs as would have been necessary to keep and feed plaintiffs' livestock, or to have shown the price the plaintiffs could have secured for their pasture or the number of livestock they could have pastured thereon, and the value per month for the pasturage of each head of such livestock, and such other evidence of kindred and similar import which would have enabled the jury to intelligently fix the value of the property destroyed at the time of its destruction.

Any evidence tending to show what the grass was worth when put to any of the uses for which it was valuable should be admitted. Growing grass that is to be used for grazing purposes differs from other growing crops, in that there is no further expense necessary for cultivation and harvesting in order for the owner to enjoy the full benefits of the crop. In such case the crop is marketable and has a market value whenever it is fit for grazing purposes. In cases of injury to or destruction of growing crops the date from which to ascertain and arrive at the true value thereof must be made up of numerous facts, such as the value at the nearest period at which the crop would be marketable, and the labor and expense necessary to bring the crop to the marketable period and preparing it therefor.

This is a case in which we very much dislike to grant a new trial, for the reason that it clearly appears to our satisfaction from this record that there was sufficient competent evidence submitted to the jury as to the actual damages sustained by plaintiffs to justify them in rendering a verdict for the amount returned in this case. But there was so much evidence admitted that was wholly incompetent and inadmissible tending to establish the several allegations of special damages that we cannot say that the jury was not influenced thereby. This is especially true in the face of the instructions given by the court wherein he told the jury that this evidence was competent for their consideration, and should be weighed by them in arriving at their verdict. On account of the admission of this line of evidence and the giving of these instructions, the judgment must be reversed and the cause remanded for a new trial in accordance with the views herein expressed, and it is so ordered. Costs awarded in favor of the appellants.

Stockslager, C. J., and Sullivan, J., concur.