HERNÁNDEZ MENA, PETITIONER, *v.* FOOTE, DISTRICT JUDGE, RESPONDENT.

PETITION for a Writ of *Certiorari* to the Judge of the District Court of Mayagüez in an Action for Damages

No. 152.—Decided July 10, 1915.

INTEREST—JUDGMENT—DUTY OF SECRETARY.—Section 341 of the Code of Civil Procedure provides that the secretary of the trial court must include in the judgment entered by him, and therefore in the writ of execution, interest on the judgment of the court from the time it was rendered although it is not expressly so provided therein.

The facts are stated in the opinion.

The petitioner appeared *pro se.*

The respondent did not appear.

MR. JUSTICE ALDREY delivered the opinion of the court.

On October 31, 1913, the District Court of Mayagüez rendered judgment for $2,000 as damages, without special imposition of costs, in favor of José Benet Colón and against

Agustín Hernández Mena, which judgment was affirmed by this court.

For the enforcement of the judgment the secretary of the said district court issued a writ of execution to the marshal for the collection of the sum of $2,000, with interest at the rate of 6 per cent from October 31, 1913.

On July 1 of this year the said judgment debtor, Hernández Mena, moved the district court to enter an order quashing the said writ of execution and releasing the levy made thereunder on the ground that the writ wrongfully ordered the collection of interest which was not owing inasmuch as the judgment against him was only for $2,000. After hearing the parties the court overruled the motion on the ground that in conformity with section 341 of the Code of Civil Procedure the plaintiff was entitled to interest on the amount due from the time the judgment was rendered, and that the secretary acted correctly in including said interest in the writ of execution.

From that ruling Agustín Hernández Mena filed a petition for a writ of *certiorari* directed to the Judge of the District Court of Mayagüez for the purpose of having this court review and set aside the said order.

Section 341, cited by the lower court, provides that the secretary must include in the judgment entered by him any interest on the judgment of the court from the time it was rendered. The right to recover such interest was created by said section 341 and it is a ministerial duty of the secretary to include the same. So although the judgment did not expressly provide for the payment of such interest, it was the duty of the secretary to enforce recovery thereof, even though it was not included in the decision of the court. *Golden Gate Company* v. *Joshua Handy Machine Works*, 82 Cal., 184; *San Joaquín Lands, etc., Company* v. *West,* 99 Cal., 345, and *Barnhart* v. *Edwards,* 128 Cal., 572.

The writ of *certiorari* applied for should be

*Discharged.*

Chief Justice Hernández and Justices Wolf, del Toro and Hutchison concurred.