(January 5, 1916.)

JOHN RABB, Respondent, v. NORTH AMERICAN ACCI-
DENT    INSURANCE    COMPANY,    a    Corporation,
Appellant.

[154 Pac. 493.]

PLEADINGS IN JUSTICES' COURTS—NOTICE OF ACCIDENT—PROOF OF INJURY
—ADMISSIBILITY AND SUFFICIENCY OF EVIDENCE—CONSTRUCTION OF
CONTRACT OF HEALTH AND ACCIDENT INSURANCE.

1.    The complaint in this case held to be a sufficient statement
of the cause of action to meet the requirements of the law relative
to such pleadings in justices' courts.

2.    Where the issue framed by the complaint and answer is not
as to the contents of a notice of an accident and of proof of an
injury, but is as to whether or not such notice was given and such
proof was furnished, parol evidence is admissible to establish the
giving of the notice and the making of proof of injury although
the notice and proof are in writing.

[As to notice of accident within time required under terms of
accident insurance policy as condition precedent to recover, see
note in Ann. Cas. 1914D, 412.]

3.    The evidence examined and held to be sufficient to establish
the fact that notice of the accident was given and proof of the
injury was made.

4.    The contract of insurance and the evidence examined and
held that the insured is not limited in his recovery to one-third of
the principal sum named in the policy, therein mentioned as the
amount to be paid, in lieu of any other indemnity, for the loss of
one of his eyes, since it appears that, as a result of the accident
whereby he lost his eye, he sustained another injury which resulted
in his total loss of time and in his continuous inability to engage in
any and every kind of business or labor, for which he is entitled
to recover as provided in paragraph (c) of the policy.

APPEAL from the District Court of the First Judicial
District for Shoshone County. Hon. William W. Woods,
Judge.

Action upon a policy of health and accident insurance.
Judgment for plaintiff. *Affirmed.*

W. H. Hanson, for Appellant.

Before the insured can recover in this case he must prove either a strict compliance with or a waiver of the requirements by the company. (Ostrander on Insurance, sec. 221; *O'Reilly v. Guardian Mutual Life Ins. Co.*, 60 N. Y. 169, 19 Am. Rep. 151; *Johnson v. Maryland Casualty Co.*, 73 N. H. 259, 111 Am. St. 609, 60 Atl. 1009; *Woodall v. Fidelity & Casualty Co.*, 131 Ga. 517, 62 S. E. 808; *Downs v. German Alliance Ins. Co.*, 6 Penne. (Del.) 166, 67 Atl. 146; *Deer Trail Consolidated Min. Co. v. Maryland Casualty Co.*, 36 Wash. 46, 78 Pac. 135, 67 L. R. A. 275; *United Benevolent Society v. Freeman*, 111 Ga. 355, 36 S. E. 764; *Travelers' Ins. Co. v. Myers*, 62 Ohio St. 529, 57 N. E. 458, 49 L. R. A. 760.)

The requirements of the policy called for both notice and proof of claim, and the giving of either did not relieve the insured from furnishing the other; a failure to furnish either being ground of forfeiture. (*O'Reilly v. Guardian Mutual Life Ins. Co.*, supra; *Da Rin v. Casualty Co. of America*, 41 Mont. 175, 137 Am. St. 709, 108 Pac. 649, 27 L. R. A., N. S., 1164; May on Insurance, sec. 460; Joyce on Insurance, sec. 3285.)

Chas. E. Miller, J. H. Wixom and F. C. Robertson, for Respondent.

The proofs filed by the respondent were sufficient to advise the company. (*Lampkin v. Travelers' Ins. Co.*, 11 Colo. App. 249, 52 Pac. 1040.)

The court will construe words most strongly against the party who used them. (Anson on Contracts (Huffcut), sec. 345; *American Surety Co. v. Pauly*, 170 U. S. 160, 18 Sup. Ct. 563, 42 L. ed. 987.)

The courts will take the intent which is properly construed from the contract itself. (*Reed v. Merchants' Mut. Ins. Co.*, 95 U. S. 23, 24 L. ed. 348; *Anderson v. Aetna Life Ins. Co.*, 75 N. H. 375, 74 Atl. 1051, 28 L. R. A., N. S., 730.)

MORGAN, J.—On October 29, 1912, in consideration of five dollars paid to it by respondent and his agreement to

pay two dollars per month from and after December 1, 1912, appellant issued to respondent a policy of health and accident insurance containing the following provisions material to the questions presented by this appeal:

## "ACCIDENT INDEMNITY.

"(a) In the event the Insured, while this policy is in force, shall sustain personal bodily injury, which is effected directly and independently of all other causes through external, violent and purely accidental means and which injury causes at once total and continuous inability to engage in any and every kind of business or labor, the Company will Pay:

## "SPECIFIC TOTAL LOSSES.

"(b) If any one of the following specific total losses shall result solely from injuries described in paragraph (a), within ninety days from date of accident, the Company will pay, in lieu of any other indemnity:

|  |  |  |
|---|---|---|
| FOR LOSS OF | Life..One Hundred Dollars | (The principal sum of this Policy) |
|  | Both Hands by severance at or above the wrist. | The Principal Sum |
|  | Both Feet by severance at or above the ankle. | The Principal Sum |
|  | One Hand and One Foot by severance at other places | The Principal Sum |
|  | Entire Sight of Both Eyes, if irrecoverably lost | The Principal Sum |
|  | Either Hand by severance at or above the wrist | One-half of the Principal Sum |
|  | Either Foot by severance at or above the ankle. | One-half of the Principal Sum |
|  | Entire Sight of One Eye, if irrecoverably lost. | One-third of the Principal Sum |

"If there has been no change in the Beneficiary, indemnity for loss of life shall be payable to the Beneficiary named in the application for this policy, if surviving, otherwise to the estate of the Insured.

## "TOTAL ACCIDENT INDEMNITY.

"(c) For Total Loss of Time resulting necessarily and solely from injury as described in paragraph (a) an Acci-

dent Indemnity of Forty Dollars per Month or at that rate for proportionate part of a month, shall be paid to the Insured for such period of continuous loss of time for a period not exceeding twenty-four months."

The monthly payments of two dollars each were made by respondent to appellant up to and including the month of September, 1913, and on the twenty-fourth day of that month respondent, who was a miner employed in the Bunker Hill mine, met with an accident while engaged in his work, being struck by a quantity of falling rock, which accident resulted in the loss of one of his eyes and the fracture of his right leg, together with lesser injuries.

On March 2, 1914, respondent filed his complaint in the justice's court of Kellogg precinct No. 1, Shoshone county, against appellant praying for judgment in the sum of $190, which he claimed to be then due to him under the terms of his policy. No answer was filed in the Justice's court, but the docket shows that one C. A. McKinley appeared for the defendant there. The trial resulted in a judgment for $190 and costs in favor of respondent, from which an appeal was taken to the district court upon questions of both law and fact.

In the district court, upon order of the judge permitting him to do so, counsel for appellant filed a demurrer and an answer to the complaint. The demurrer was overruled and this action of the court is assigned as error. The complaint and demurrer are somewhat voluminous, and will not be copied or quoted from at length here.

An examination of the complaint convinces us that it is a sufficient statement of the cause of action to meet the requirements of the law relative to such pleadings which, in justices' courts, may be very informal. Sec. 4666, Rev. Codes, is, in part, as follows:

"Pleadings in justices' courts:

"1. Are not required to be in any particular form, but must be such as to enable a person of common understanding to know what is intended."

Sec. 4668, Rev. Codes, provides:

"The complaint in these courts is a concise statement, in writing, of the facts constituting the plaintiff's cause of action; or a copy of the account, note, bill, bond, or instrument upon which the action is based."

The case was tried *de novo* in the district court by the judge, trial by jury having been waived, and resulted in judgment in favor of respondent in the sum of $190, together with interest and costs, amounting in all to $232.05, from which judgment this appeal was taken.

The assignments of error, in addition to that relative to the ruling of the court upon the demurrer, present two contentions: 1. That the court erred in finding, as a fact, "that the plaintiff immediately duly notified the defendant company of said accident and furnished the defendant company with due notice and proof of said injury in accordance with the terms of said policy of insurance"; and 2. That the court erred in finding "that there is now due and owing the plaintiff from defendant company according to the terms of said policy of insurance, aforesaid, and for benefit accruing thereunder because of said injury whereby his leg was bruised and broken, the sum of $190."

That respondent immediately notified appellant of the accident and furnished due notice and proof of the injury is alleged in the complaint and denied in the answer, although appellant in its answer alleges that respondent filed a claim and that prior to the commencement of the action it tendered to him the sum of $38 in settlement as a compromise offer. The direct examination of respondent upon this issue is as follows:

"Q. Did you send in affidavits or proof of your loss by your accident, proofs of your accident?

"A. Yes.

"Q. How soon after the accident did you send them in?

"A. Seven days.

"Q. Where did you mail them to?

"A. To the head office in Chicago.

"Q. Did you state in those proofs of loss what happened to you?

"A. Yes.

"Mr. Hanson.—I object to that. The proofs of loss are the best evidence.

"The Court.—I suppose the company has that?

"Mr. Miller.—Yes, of course they have them.

"The Court.—Did you give them notice to produce it?

"Mr. Miller.—No, your honor. Have you these proofs of loss, Mr. Hanson?

"Mr. Hanson.—No, I have not seen them.

"Mr. Miller.—You are unable to produce them?

"Mr. Hanson.—I am at this time, not having received notice.

"Mr. Miller.—Well, under the pleadings I do not think it is material."

Upon redirect examination respondent further testified:

"Q. You say you sent in proofs of loss?

"A. Yes.

"Q. After that were you ever called upon by the company or any of its agents to make further proofs?

"A. No."

Dr. Kenneth, a witness called on behalf of respondent, testified:

"Q. Do you know anything about proofs of the accident being sent?

"A. Yes. I filled out a number of papers for the North American Accident Insurance Company, I believe the name was.

"Q. Sent them where?

"A. I don't believe I sent them myself.

"Q. But you filled them out for him?

"A. Yes.

"Q. You were filling out those papers?

"A. Yes, sir."

The only evidence offered on behalf of appellant was two drafts, aggregating $38.39 in amount, which were introduced for the purpose of showing that a tender had been made by it to respondent, but no evidence controverting the testimony of respondent and his witness, Kenneth, was introduced.

While it is the rule that the highest degree of proof of which the case from its nature is susceptible must, if possible, be produced, it is said in 10 M. A. L. 365: "To-day the 'best evidence rule' means only that a party who would show the contents of a writing must produce the original writing or account in a manner legally satisfactory for its nonproduction." And it is said in 17 Cyc. 477: "Where the matter to be proved is simply the fact that a contract has been made, as distinct from its terms or provisions, the best evidence rule does not apply and parol evidence is admissible."

The issue framed by the complaint and answer upon this point is not as to the contents of the notice of the accident and proof of the injury but is as to whether or not such notice was given and such proof was furnished. The testimony offered by and on behalf of respondent was competent and, in the absence of evidence tending to support appellant's denial that respondent notified it of the accident and furnished due proof of the injury, is sufficient to establish the fact that such notice was given and such proof was made. In case of *Lampkin v. Traveler's Ins. Co.*, 11 Colo. App. 249, 52 Pac. 1040, which was an action upon an insurance policy which required that immediate written notice, with full particulars and full name and address of the assured, was to be given to the company of any accident, it is said: "Plaintiff could not be defeated on the ground that she had failed in this proof by reason of the fact that she said she could not remember what was contained in the proofs of loss. By her evidence that she had forwarded the proofs of loss, she made out at least a *prima facie* case, and, if defendant relied upon any defect in the proofs, the burden was upon it to show such defect."

The remaining point in the case involves a construction of paragraphs (b) and (c) of the policy which have been heretofore quoted. The death benefit, or principal sum named in the policy, is $100, and appellant contends it reserved the right, in case the insured should lose the sight of one of his eyes through external, violent and purely accidental means,

to pay one-third of the principal sum, or $33.34, in lieu of any other indemnity.

Considering the part of paragraph (b) material to this contention, to wit: "If any one of the following specific total losses shall result solely from injuries described in paragraph (a) within ninety days from the date of accident, the company will pay in lieu of other indemnity, for the loss of . . . . entire sight of one eye, if irrecoverably lost, one-third of the principal sum," it appears to us that the construction most favorable to appellant of which that language is capable is that it limits the liability which will arise from an accidental injury which results in the loss of one of the eyes of insured to one-third of one hundred dollars, and that no additional indemnity can be successfully claimed by reason of that injury. Certainly it cannot be construed to limit the liability which may arise by reason of other injuries than that which caused the loss of the eye, although such other injuries may have been received in the same accident.

In this case it appears that one of respondent's injuries caused the loss of his eye, which was but one of the results of his accident. Another result of the same accident was the fracture of his leg, which last mentioned injury caused the total loss of time provided for in paragraph (c) of the policy for which the claim of $40 per month was made. The uncontradicted testimony of Dr. Kenneth upon this point is as follows:

"Well, in regard to the eye, the pupil was split open so he lost his eye. I removed the eye on September 24th; he had lacerations of the face; he had a number of contusions and bruises on the body. But the injury that laid him up the longest was a fracture of the leg—I believe it was the right leg, between the knee and ankle—and that injury laid him up for—so he was not able to work for about eight months. It was slow uniting; that was really the cause of his disability for that length of time."

Had the loss of his eye been the only injury which respondent suffered appellant's contention would be sound, but he is not precluded from recovering the benefits provided for

in paragraph (c) of the policy, which are claimed by reason of loss of time due to another injury than that to his eye, although both injuries resulted from one accident.

The judgment of the trial court is affirmed. Costs are awarded to respondent.

Sullivan, C. J., and Budge, J., concur.