(September 3, 1921.)

CLARK COX, Respondent, v. CRANE CREEK SHEEP COMPANY, a Corporation, Appellant.

[200 Pac. 678.]

DAMAGE TO PROPERTY—EVIDENCE—PROOF OF AGENCY.

1. The declarations of one assuming to act as agent are not admissible to prove his agency.

2. In actions for damages to property witnesses, if permitted to state the gross amount of damages, should first be required to state the items of damage and such other facts upon which their estimates are based as will enable the jury to make their own estimates and form their own conclusions as to the damages sustained.

APPEAL from the District Court of the Third Judicial District, for Boise County.   Hon. Charles F. Reddoch, Judge.

Action for damages for trespass of sheep.   Judgment for plaintiff.   Defendant appeals.   *Reversed.*

Martin & Cameron, for Appellant.

"The court should compel witnesses to particularize and specify the items of damage and not permit lump sum esti-

mates. The jury must determine the amount of damages and the statement by a witness of his conclusion as to a lump sum furnishes no basis for calculation by the jury." (*Mc-Guire v. Post Falls Lumber Co.*, 23 Ida. 608, 131 Pac. 654; *McKissick v. Oregon Short Line Ry. Co.*, 13 Ida. 195, 89 Pac. 629; *Pacific Livestock Co. v. Murray*, 45 Or. 103, 76 Pac. 1079; *Hatch Bros. Co. v. Black*, 25 Wyo. 109, 165 Pac. 518.)

"In an action for trespass by sheep and cattle, statements of persons herding them that they belonged to defendant were inadmissible, being hearsay and not registered within that exception to the hearsay rule." (*Surbaugh v. Butterfield*, 44 Utah, 446, 140 Pac. 757.)

D. L. Rhodes, for Respondent.

A witness who is qualified after detailing the various items of damage may then give his opinion as to the aggregate amount thereof. (*Roseborough v. Whittington*, 15 Ida. 100, 96 Pac. 437; *Blagen v. Thompson*, 23 Or. 239, 31 Pac. 647, 18 L. R. A. 315; *Planters' Mutual Ins. Co. v. Hamilton*, 77 Ark. 27, 7 Ann. Cas. 55, 90 S. W. 283; *McKissick v. Oregon Short Line Ry. Co.*, 13 Ida. 195, 89 Pac. 629.)

Where there is sufficient evidence, if uncontradicted, to sustain the verdict, it should not be set aside. (*Darry v. Cox*, 28 Ida. 519, 155 Pac. 660; *Sweeten v. Ezell*, 30 Ida. 154, 163 Pac. 612; *Davenport v. Burke*, 30 Ida. 599, 167 Pac. 481.)

*Prima facie* evidence of the ownership of the sheep having been made, the statements of the herders in charge of the sheep were admissible in evidence against the appellant. (*Henderson v. Coleman*, 19 Wyo. 183, 115 Pac. 439, 1136; *Kelly v. Ning Yung Benev. Assn.*, 2 Cal. App. 460, 84 Pac. 321; *Modoc Gold Mining Co. v. Skiles*, 13 Colo. App. 293, 57 Pac. 190; *Lemcke v. A. L. Funk & Co.*, 78 Wash. 460, Ann. Cas. 1915D, 23, 139 Pac. 234; *Hope Mining Co. v. Burger*, 37 Cal. App. 239, 174 Pac. 932; 2 C. J. 939; *Chittenden v. King Shoe Co.*, 38 Colo. 187, 88 Pac. 183; *Gods-*

*mark v. Bennett's Estate,* 52 Colo. 198, Ann. Cas. 1913C,
1266, 120 Pac. 151; *Union Oil Co. v. Stewart,* 158 Cal. 149,
Ann. Cas. 1912A, 567, 110 Pac. 313; *Waldner v. Bowdon
State Bank,* 13 N. D. 604, 3 Ann. Cas. 847, 102 N. W. 169;
2 R. C. L. 250; 4 C. J. 977.)

DUNN, J.—This action was brought by respondent against
appellant to recover $700 damages which respondent claims to
have suffered by appellant's grazing its sheep on 320 acres
of land owned by respondent in Boise county. The case was
tried before the court with a jury and a verdict returned in
favor of respondent for $650, for which amount judgment
was rendered, together with costs amounting to $75.50. Ap-
peal was taken from said judgment.

Appellant specifies numerous errors, only two of which it
will be necessary to notice. In attempting to prove owner-
ship of the sheep that did the damage claimed respondent
offered evidence as to the brand with which said sheep were
marked and also the testimony of certain witnesses to the
effect that they had talked with the herders of said sheep
and that said herders had stated that appellant was the
owner. The herders were not called to testify. Evidence
of the brand was properly admitted, but it was not compe-
tent for witnesses to testify as to what the herders had said
about the ownership of the sheep. This is so well settled
as to require no citation of authority. The admission of this
evidence will require a reversal of the judgment.

Appellant also complains of the testimony given by certain
witnesses as to the damage caused by said sheep. They were
permitted to testify to lump sums as such damages without
stating any facts upon which such estimates were based.
(*McGuire v. Post Falls Lbr. & Mfg. Co.,* 23 Ida. 608, 131
Pac. 654; *McKissick v. Oregon Short Line R. Co.,* 13 Ida.
195, 89 Pac. 629; *Pacific Livestock Co. v. Murray,* 45 Or.
103, 76 Pac. 1079; *Hatch Bros. Co. v. Black,* 25 Wyo. 109,
165 Pac. 518.) No testimony was given from which the jury
could determine the damages apart from the conclusions

of these witnesses as to the aggregate amount. The jury were not informed what was the condition of the pasturage before the sheep grazed over it, nor the extent of the territory grazed over, nor the reasonable value of such pasturage at that time and place. The evidence is insufficient to justify the verdict.

Judgment is reversed and a new trial granted. Costs awarded to appellant.

Rice, C. J., and McCarthy and Lee, JJ., concur.

Budge, J., did not sit at the hearing or take any part in the opinion.