(February 18, 1922.)

H. HANSON, Respondent, v. LESTER C. SEAWELL, Appellant.

[204 Pac. 660.]

TRESPASS—INJURY TO GROWING GRASS—BY WHOM ACTION LIES—
    PARTY IN POSSESSION UNDER CLAIM OF RIGHT—MEASURE OF DAM-
    AGES—PROOF OF VALUE OF GRASS.

    1. As against a mere tort-feasor, actual possession of land, under a claim of right, is sufficient to maintain an action of trespass for injury to growing grass and crops.

2. The proper measure of damages in such case is the value of the grass.

3. When the land trespassed upon is pasture land, proof of its rental value as pasture is admissible to show the value of the grass.

APPEAL from the District Court of the Seventh Judicial District, for Payette County. Hon. Ed. L. Bryan, Judge.

Action for trespass. Judgment for plaintiff. *Affirmed.*

Scatterday & Stone, for Appellant.

In actions for damages, the value of the thing injured at the time of the injury must be proved and the facts upon which the value is based must be given. (*Axtell v. Northern Pac. Ry. Co.*, 9 Ida. 392, 74 Pac. 1075; *McClain v. Lewiston etc. Assn.*, 17 Ida. 63, 20 Ann. Cas. 60, 104 Pac. 1015, 25 L. R. A., N. S., 691; *Jenkins v. Commercial Nat. Bank*, 19 Ida. 290, 113 Pac. 463; *Chicago etc. R. Co. v. Teese*, 42 Okl. 188, 140 Pac. 1166, 52 L. R. A., N. S., 167.)

The measure of the damages for the destruction of growing grass is its value at the time and place it was destroyed. (*Risse v. Collins*, 12 Ida. 689, 87 Pac. 1006.)

J. A. Elston and Thompson & Bicknell, for Respondent.

The complaint states a cause of action against the defendant. (Secs. 1908, 1909, C. S.; *The Mode, Ltd., v. Myers*, 30 Ida. 159, 164 Pac. 91.)

"The possession of real estate is *prima facie* evidence of the highest estate in the property, to wit, a seisin in fee." (*Steele v. Fish*, 2 Minn. 153.)

McCARTHY, J.—This is an action for trespass tried originally in a justice's court, resulting in judgment for respondent. On appeal to the district court it was tried by the court without a jury. The court found that the respondent was the holder and in possession of the land described in the complaint, that the defendant was the

owner or reputed owner having in his charge, care and control, certain sheep; that the defendant and his agents unlawfully permitted certain of his said sheep to go upon the lands of respondent, and that said sheep did eat up and tramp out certain grasses thereon growing to the damage of plaintiff in the sum of $100. Judgment was entered accordingly.

The first specification of error is that the complaint does not state facts sufficient to constitute a cause of action. The complaint in a justice's court may be an informal statement of the cause of action. (*Rabb v. North American Acc. Ins. Co.*, 28 Ida. 321, 154 Pac. 493.) The complaint is awkwardly drawn, and far from clear. However, buried in a mass of immaterial allegations are the following: that the plaintiff was the holder and in possession of 640 acres in Payette county, state of Idaho, describing it; that a large band of sheep belonging to defendant were herded upon this land, thus consuming and killing the grass to plaintiff's damage in the sum of $250. As against a mere tort-feasor, actual possession of land, under a claim of right, is sufficient to maintain trespass. (*Golden Gate etc. Co. v. Joshua etc. Works*, 82 Cal. 184, 23 Pac. 45; *Marks v. Sullivan*, 8 Utah 406, 32 Pac. 668, 20 L. R. A. 590; *Omaha etc. Co. v. Tabor*, 13 Colo. 41, 16 Am. St. 185, 21 Pac. 925, 5 L. R. A. 236; *Beaufort etc. Co. v. New River Lumber Co.*, 86 S. C. 358, 68 S. E. 637, 30 L. R. A., N. S., 243; *Albin v. Lord*, 39 N. H. 196; 38 Cyc. 1017 (6).) It is true that many decisions limit the rule to recovery for injury to possession, and hold that mere possession is insufficient where the injury is to the freehold. (38 Cyc. 1020, notes 73 and 74.) Where the recovery is for damage to grasses and crops as in the present case, the recovery is for injury to possession and not to the freehold. (*Albin v. Lord, supra; Boyington v. Squires*, 71 Wis. 276, 37 N. W. 227; *International etc. Co. v. Ragsdale*, 67 Tex. 24, 2 S. W. 515.) We conclude that the complaint states a cause of action.

The next assignment of error is that the evidence is insufficient to support the findings of fact and conclusions of law because, first, respondent failed to prove that he was the owner, lessee or in possession of the lands described in the complaint; second, the evidence shows that appellant's sheep were never on the lands, and the sheep and stock of others were; third, the value of the grass at the time of the destruction was not proven. Respondent showed that he had entered part of the land in question as a homestead entry, and, as to the rest, introduced in evidence a lease purporting to have been made by the Payette National Bank, of Payette, Idaho, executed by the cashier. No title was shown in the bank, nor was it shown that the lease had been authorized by the board of directors. The evidence showed that the plaintiff was in possession of the land under a claim of right, and this would entitle him to recover for injury to the grass under the rule stated, and authorities cited, in the preceding paragraph. Certain witnesses were permitted to testify that the herders in charge of the sheep said they were appellant's. The admission of this evidence was error. (*Cox v. Crane Creek Sheep Co.,* 34 Ida. 327, 200 Pac. 678.) However, one witness, A. J. Harker, testified that he saw sheep on the land which he knew were appellant's from the brand. One Wiseman, foreman for appellant, testified that appellant had leased the school section adjoining respondent's land, that the sheep were on that and at times were driven back from appellant's place. There is evidence sufficient to support the finding of the court that appellant's sheep were on respondent's land. There is evidence that the sheep and stock of others were driven along a road which crosses respondent's land, but the evidence shows that this was done with respondent's permission, and that they did not go off the road. As to the measure of damages, this court has held: "Where the action is for damages sustained by reason of the herding and crossing of sheep upon the plaintiff's land and for the consequent injury and damage to his growing crops the

measure of damage is the value of the crops at the time of their destruction." (*Risse v. Collins,* 12 Ida. 689, 87 Pac. 1006.)

Respondent attempted to show the value of the grasses destroyed by proving the rental value of the land as pasture. Appellant claims that this was not in accordance with the rule laid down in *Risse v. Collins, supra.* Ordinarily, the rental value of the land would not be proof of the value of the crops. However, where it is shown, as in the present case, that the land was used for pasture and that this was the use to which it would ordinarily and reasonably be put, proof of its rental value as pasture is a proper method of showing the value of the grass. In fact, it seems to be the only method which could be adopted. In *Risse v. Collins, supra,* the court said, at p. 698 of 12 Ida., 87 Pac. 1008, that it would have been proper for plaintiffs to have shown the price they could have secured for their pasture or the number of livestock they could have pastured thereon, and the value per month for the pasturage of each head of such livestock. As to the value of the grasses there is some conflict in the evidence, but there is evidence sufficient to support the finding of the court that the grass and crops destroyed were of the value of $100.

Appellant also complains that the court erred in admitting testimony as to the condition and value of the grass after it had been grazed off by the sheep. This was admissible to show the extent of the damage done.

The judgment is affirmed, with costs to respondent.

Rice, C. J., and Dunn and Lee, JJ., concur.