(April 29, 1922.)

## A. J. HARKER, Respondent, v. LESTER C. SEAWELL, Appellant.

[206 Pac. 812.]

TRESPASS—INJURY TO GROWING GRASS—ACTION—PARTY IN POSSESSION UNDER CLAIM OF RIGHT—VERDICT NOT SUPPORTED BY EVIDENCE.

1. As against a mere tort-feasor, actual possession of land, under a claim of right, is sufficient to maintain an action of trespass for injury to growing grass and crops.

2. On appeal from a judgment, if the evidence is insufficient to support the verdict, judgment will be reversed.

APPEAL from the District Court of the Seventh Judicial District, for Payette County. Hon. B. S. Varian, Judge.

Action for trespass. From judgment for plaintiff, defendant appeals. *Reversed.*

O. M. Van Duyn and Frank T. Wyman, for Appellant.

The measure of damages for trespass upon plaintiff's close by livestock that ate the grass and pasturage is the value of the grass and pasturage at the time of the trespass. (17 C. J. 893; *Risse v. Collins,* 12 Ida. 689, 87 Pac. 1006; *Cox v. Crane Creek Sheep Co.,* 34 Ida. 327, 200 Pac. 678.)

F. H. Lyons and E. R. Coulter, for Respondent, file no brief.

DUNN, J.—This action was brought by respondent to recover damages resulting from a trespass by appellant in grazing certain sheep on the land of respondent and to ob-

Publisher's Note.

1. Possession of land under color of title as giving one right to maintain action against mere trespasser, see notes in 4 **Ann. Cas.** 190; **Ann. Cas.** 1915D, 37; 30 **L. R. A., N. S.,** 243.

tain an injunction restraining appellant from further trespass.

Although shown to be in actual possession of the lands in controversy, respondent failed to show that, as to all of the land in controversy, he was either the owner or entitled to the possession thereof. Appellant contends that there can be no right of recovery unless respondent shows either ownership or right of possession of the land. In this appellant is in error. He is a trespasser and as against him simple possession under a claim of right is sufficient to support the action. In the case of *Hanson v. Seawell, ante,* p. 92, 204 Pac. 660, this court said: ''As against a mere tort-feasor, actual possession of land, under a claim of right is sufficient to maintain trespass,'' citing numerous cases.

We have examined the record with care and while we find respondent to have suffered damage at the hands of appellant, the evidence is insufficient to support the verdict for $600. The judgment is therefore reversed, with costs to appellant.

Rice, C. J., and McCarthy, J., concur.