(March 10, 1924.)

## DANIEL KINGSBURY, Respondent, v. T. C. BACON, Appellant.

[224 Pac. 438.]

DAMAGES—GROWING CROPS—DESTRUCTION OF—TRESPASS—MEASURE OF DAMAGES—VALUE OF CROP AT TIME OF DESTRUCTION—HOW DETERMINED—EVIDENCE.

1. The measure of damages for the destruction of a growing crop is the value of the crop at the time it was destroyed.

2. The value of a growing crop of wheat at the time of its destruction must be determined from evidence of the probable yield and the market value of the crop at maturity, less the probable cost of placing the growing crop in a marketable condition.

APPEAL from the District Court of the Fourth Judicial District, for Blaine County. Hon. H. F. Ensign, Judge.

Action for damages for destruction of growing crops. Judgment for plaintiff. *Reversed.*

J. G. Hedrick and Frank T. Wyman, for Appellant.

Ownership of sheep, as in this case, cannot be proved by what a herder says, and the admission of such testimony was clearly erroneous. (*Cox v. Crane Creek Sheep Co.,* 34 Ida. 327, 200 Pac. 678.)

The measure of damages would be the value of the crop at the time it was destroyed, and there was no competent evidence introduced by the plaintiff to show its value at that time, and no evidence upon which a jury could arrive at a just verdict. (*Risse v. Collins,* 12 Ida. 689, 87 Pac. 1006; *Kirk v. Madereita,* 32 Ida. 406, 184 Pac. 225; *Hall v. Brown,* 102 Or. 389, 202 Pac. 719; also notations to the

Publisher's Note.

Measure of damages for injury to or destruction of growing crops, see notes in 140 Am. St. 310; 9 Ann. Cas. 949; 12 Ann. Cas. 782; 12 L. R. A., N. S., 267; 23 L. R. A., N. S., 310; 27 L. R. A., N. S., 168; 37 L. R. A., N. S., 976; 49 L. R. A., N. S., 415.

cases reported in 27 L. R. A., N. S., 168; 37 L. R. A., N. S., 976.)

Leo M. Bresnahan, for Respondent.

There is sufficient competent evidence to prove the value of the crops destroyed and the amount of damages was entirely a question of fact to be determined by the jury. (*Kendall v. McIntire Inc. Co.*, 59 Utah, 228, 203 Pac. 653; *Naylor v. Floor*, 51 Utah, 382, 170 Pac. 971; *Kirk v. Madereita*, 32 Ida. 406, 184 Pac. 225; Sutherland on Damages, 4th ed., sec. 445.)

WM. E. LEE, J.—This is an appeal from a judgment of the district court of Blaine county. Respondent's action was based upon the alleged destruction of 11 acres of growing wheat and 129 acres of grass, in the summer of 1917, by sheep alleged to belong to appellant. The cause was tried, and the jury returned a verdict of $300 for respondent. From the judgment entered thereon, this appeal is prosecuted.

Appellant's specifications of error may be considered under two heads: first, that there is no competent evidence to prove that he was the owner of the trespassing sheep; and, second, that there is no competent evidence to establish the value of the wheat alleged to have been destroyed.

As to the sufficiency of the evidence establishing the ownership of the sheep, we are of the opinion that it is sufficient. It is true that the court committed error in permitting respondent and his son to testify to conversations they had with a herder in charge of the sheep. (*Hanson v. Seawell*, 35 Ida. 92, 204 Pac. 660; *Cox v. Crane Creek Sheep Co.*, 34 Ida. 327, 200 Pac. 678; *Surbaugh v. Butterfield*, 44 Utah, 446, 140 Pac. 757.) However, appellant testified that he had the Croesus mining claims leased for grazing purposes, that his camp was on the Croesus property, and that his sheep ranged on the Croesus mining claims. These claims adjoined and were immediately south of respondent's land, and the sheep that destroyed the wheat and grass on re-

spondent's land, on being driven off, became commingled with certain sheep belonging to respondent and one Gwinn. The sheep were driven by the herder in charge and others to appellant's sheep camp upon the Croesus mining claims where they were separated, and the sheep that destroyed the wheat and grass on respondent's land were taken possession of by a herder and retained at the sheep camp which, appellant testified, belonged to him. While the evidence relating to the ownership of the sheep is not as strong as it might be, we are of the opinion that there was sufficient competent evidence to justify the jury in concluding that the sheep belonged to appellant.

The principal item of damage related to the destruction of 11 acres of fall wheat, which was destroyed at the time it was commencing to head. The rule is generally stated that the measure of damages is the value of the growing crop at the time of its destruction. (*Hanson v. Seawell,* 35 Ida. 92, 204 Pac. 660; *Risse v. Collins,* 12 Ida. 689, 87 Pac. 1006.) The mere statement of the foregoing rule, however, is of little benefit unless it is accompanied by a definite standard by which to estimate the value of the crop destroyed. At the time it was destroyed, the crop had not matured, and probably had no actual market value. But it did, nevertheless, have a potential market value. The courts are not in entire agreement as to the proper method of arriving at such value. It stands to reason, however, that compensation for the injury is the end to be attained. In the natural course, the crop would have matured and been harvested. It would then have had an actual market value. To award the owner such actual market value would more than compensate him for his loss, and such an award could not be sustained, because had the crop matured, the owner would have been put to the expense of harvesting it; the destruction of the crop obviated the necessity for this outlay. It would seem, then, that the value of a growing crop of wheat at the time of its destruction must be determined from evidence of the probable yield and the

market value of the crop at maturity, less the probable cost of placing the growing crop in a marketable condition.

In *Risse v. Collins, supra,* this court said:

" . . . . In cases of injury to or destruction of growing crops, the data from which to ascertain and arrive at the true value thereof must be made up of numerous facts, such as the value at the nearest period at which the crop would be marketable, and the labor and expense necessary to bring the crop to the marketable period and preparing it therefor."

See, also: *Brace v. Pederson,* 115 Wash. 523, 197 Pac. 625; *Naylor v. Floor,* 51 Utah, 382, 170 Pac. 971; *Berg v. Yakima Valley Canal Co.,* 83 Wash. 451, 145 Pac. 619, L. R. A. 1915D, 292; *American Smelting & Refining Co. v. Riverside Dairy & Stock Farm,* 236 Fed. 510, 149 C. C. A. 562.

Respondent testified that he was damaged in the sum of $56 per acre on account of the destruction of his wheat. He testified further that the land had produced in 1913 and 1914 about 50 bushels of wheat per acre, and, basing his estimate on the yield for such former years, he thought that the 11 acres would have produced 50 bushels of wheat per acre in 1917. He also testified that he bought wheat at the nearest market for from two to three cents per pound in the fall of 1917. This is all the evidence that relates to the value of the destroyed crop. There is no evidence as to how respondent concluded that he was damaged in the sum of $56 per°acre. We are of the opinion that the entire evidence was not sufficient to enable the jury to arrive at anything more than a guess as to the damages sustained by respondent on account of the destruction of his wheat. There is nothing to show the probable cost of harvesting the crop, and without such evidence there was nothing upon which the jury could determine the value of the crop at the time of its destruction. Since the verdict of the jury was for $300, and included damages for the loss suffered by respondent not only on account of the destruction of the wheat crop but also on account of the destruction of the

grass, it is impossible to determine what amount the jury allowed for the destruction of the grass and what amount was allowed for the destruction of the wheat crop. For this reason, the judgment cannot be modified.

The judgment is reversed. Costs to appellant.

McCarthy, C. J., and William A. Lee, J., concur.